No. 3--97--0279

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

DORIS ZELENKA, ) Appeal from the Circuit Court

) for the 18th Judicial Circuit,

Plaintiff-Appellant, ) DuPage County, Illinois 

)

v. ) No. 96--L--0009

) 

THOMAS J. KRONE, ESQ., and )

DAVID M. SVEC, ESQ. ) Honorable

) Hollis L. Webster

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

MODIFIED UPON DENIAL OF REHEARING

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

On appeal, we are asked to determine whether section 5/13--214.3(d) of the Limitations Act (Act)(735 ILCS 5/13--101 
et
 
seq
. (West 1996)) applies to a cause of action for legal malpractice when the suit is based on an invalid inter vivos trust and the cause of action accrued after the client's death.  The second issue we must determine is whether the applicable statute of limitations precludes the beneficiary's claim.  We hold that section 5/13--214.3(d) only applies to probate assets and it does not apply to the inter vivos trust in the instant case.  We also hold that the two-year statute of limitations under section 13--214.3(b) is not a bar to the beneficiary's cause of action.  Accordingly, we reverse and remand.

   
FACTS

The defendant, Thomas Krone, drafted an inter vivos trust for Ernest Zelenka in which Ernest named his wife, plaintiff Doris Zelenka, as a co-beneficiary to "one-half (1/2) of all real estate held under the terms of this trust."  Krone also prepared a will for Ernest that left the residuary of Ernest's estate to his son and nephew.  Under the terms of the trust any property owned by Ernest that was not otherwise disposed of pursuant to the trust passed to his estate and then through the residuary clause of his will.  Doris's attorney, David Svec, reviewed the trust and advised Doris that it was a valid disposition.  

Ernest died in April of 1993, and his will was admitted to probate on July 28, 1993.  The publication of claims that was issued by the estate indicated that all claims had to be filed by January 28, 1994.  On December 27, 1993, Ernest's son and nephew, acting as beneficiaries of the estate, notified the trustee of the inter vivos trust that Doris took no interest as a beneficiary of the trust.  They claimed that the trust improperly characterized Doris's interest in "real estate" rather than a "beneficial interest in real estate."  Doris's attorney, William Grossmann, received a copy of this notification and on December 30, 1993, sent a letter to Krone.  It informed Krone that the trust's validity was being questioned and asked him to contact Grossmann immediately.  On February 4, 1994, Doris entered an agreement with Grossmann to retain his services for any claims against Ernest's estate.  

On January 4, 1996, Doris filed a legal malpractice claim against Krone and Svec.  Krone and Svec moved to dismiss the complaint pursuant 735 ILCS 5/2--619 (West 1996), asserting that the six-month statute of repose in section 5/13--214.3(d) of the Act barred the cause of action.  The court found that the cause of action accrued on December 30, 1993, and held that the suit was barred by the two-year statute of limitations found in section 5/13--214.3(b) of the Act (735 ILCS 5/13--214.3(b) (West 1996)).  Doris appeals. 

STANDARD OF REVIEW

A motion to dismiss admits all facts well-pleaded in the plaintiff's complaint. 
Village of Riverwoods v. BG Ltd. Partnership
, 276 Ill. App. 3d 720, 658 N.E.2d 1261 (1995).  Where the grounds for dismissal do not appear on the face of the pleadings, a motion to dismiss pursuant to section 2--619 of the Code of Civil Procedure should be supported by affidavits. 735 ILCS 5/2--619 (West 1996); 
Waterford Executive Group v. Clark-Bardes, Inc.
, 261 Ill. App. 3d 338, 633 N.E.2d 1003 (1994).  On appeal from an order dismissing a complaint, this court applies the 
de
 
novo
 standard of review. 
Benbenek v. Chicago Park District
, 279 Ill. App. 3d 930, 665 N.E.2d 500 (1996).

ANALYSIS

The primary issue on appeal is whether section 5/13--214.3 (d) governs this case when a beneficiary of an inter vivos trust files a legal malpractice claim against the trust's drafter after the settlor's death.

In general, the statute of limitations in a legal malpractice action is two years. 735 ILCS 5/13--214.3(b) (West 1996).  However, effective January 1, 1991, section 5/13--214.3(d) of the Act established: 

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975." 735 ILCS 5/13--214.3(d)(West 1992).

Subsection (d) was removed from the Code by an amendatory act dated March 9, 1995. 735 ILCS 5/13--214.3(d)(West 1996).
  

Doris contends that section 5/13--214.3(d) is inapplicable because the malpractice claim involves an inter vivos trust and subsection (d) applies only to probate assets.  We agree.  

In the instant case, the applicability of subsection (d)  turns on whether 5/13--214.3(d) applies only to those claims involving assets subject to probate.  When interpreting a statute the primary function of this court is to ascertain and give effect to the intent of the legislature. 
Business & Professional People v. Illinois Commerce Commission
, 146 Ill. 2d 175, 585 N.E.2d 1032 (1991).  If the language of the statute is certain and unambiguous, it should be given effect without resorting to extrinsic aids for construction. 
Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.
, 247 Ill. App. 3d 1015, 617 N.E.2d 858 (1993).     

Subsection (d) specifically limits the time in which a person may commence an action to two years unless letters of office are issued or a will is admitted to probate.  In addition, it states that it applies to actions commenced within the time for filing claims under the Probate Act.  Thus, it is apparent from the language of section 5/13--214.3(d) that it applies only to legal malpractice actions related to claims against an estate or petitions contesting the validity of a will under the Probate Act.  It does not pertain to those assets that are not subject to distribution in accordance with the Probate Act.

The instrument at issue is an inter vivos trust and is not subject to distribution under the terms and conditions of Ernest's probate estate.  One of the primary objectives for creating a trust rather than a will is to remove the trust assets from the settlor's estate and avoid a probate proceeding. Bogert, Trusts & Trustees §231, at 5-6 (2nd ed. 1992).  Accordingly, because the trust in the instant case is not a probate asset, section 5/13--214.3(d) does not apply. 

The next issue we must consider is whether Doris's claim is barred by the two-year statute of limitations under section 5/13--214.3(b) of the Act. 

A cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful act of another.  
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 430 N.E.2d 976 (1981); 
Jackson Jordon, Inc. v. Leydig, Voit & Mayer
, 158 Ill. 2d 240, 633 N.E.2d 627 (1994).  When the plaintiff knew or should have known that an injury occurred and that it was wrongfully caused is generally a question of fact. 
Witherell v. Weimer
, 85 Ill. 2d 146, 421 N.E.2d 869 (1981).  Therefore, unless the facts are undisputed and only one conclusion can be drawn, the court may not rule on this question as a matter of law. 
Witherell
, 85 Ill. 2d at 156, 421 N.E.2d at 874.  

Doris contends that her cause of action accrued when she signed the retainer agreement and began incurring attorney fees in an attempt to reform the instrument drafted by Krone.  She argues that her cause of action is not time-barred by the statute of limitations under section 5/13--214.3(b) because the claim did not accrue until February 4, 1994.  

The defendants contend that the cause of action accrued, at the latest, on December 30, 1993, the date Doris's attorney sent a letter to defendant Krone inquiring about the terms of the trust.  Because Doris filed her claim on January 4, 1996, they argue that her claim is time-barred.  The defendants concede that the letter sent by Grossmann to Krone cannot be considered at this juncture because it was not properly authenticated.  Nevertheless, the defendants contend that there is uncontradicted evidence in the record to support the trial court's finding of an accrual date of December 30, 1997.

We have reviewed the record carefully and must disagree with the defendants' contentions.  
In the instant case, Doris knew or should have known of her injury
 
Based on the record as it has evolved thus far, Doris's cause of action for legal malpractice accrued on the date
 when she incurred an obligation to pay legal fees due to Krone's and Svec's negligent conduct. 
See 
Goran v. Glieberman
, 276 Ill. App. 3d 590, 659 N.E.2d 56 (1995)(where the plaintiff had no previous knowledge of her attorney's negligence, her cause of action for legal malpractice accrued when she had knowledge of additional attorney fees).  
At that point, and no earlier, Doris's cause of action for legal malpractice accrued.
  Doris executed a retainer agreement and began incurring attorney fees on February 4, 1994, when she retained counsel to determine the validity of the inter vivos trust.  
Prior to that date it is unclear from the record whether Doris knew or should have known that the trust had been improperly drafted and approved.  In addition, the record fails to provide any 
well-plead facts or properly submitted affidavits to support the trial court's finding that the accrual date was December 30, 1993. See 
Waterford
 Executive Group v. Clark-Bardes, Inc.
, 261 Ill. App. 3d 338, 633 N.E.2d 1003 (1994)(a trial court may not consider arguments or matters unsupported by affidavits). 
 Thus, the court's finding that the case should be dismissed as a matter of law was erroneous.  Accordingly, we hold that the trial court erred in finding that the complaint was not filed in time.  

For the foregoing reasons, the judgment of the circuit court of DuPage County is reversed and remanded.

Reversed and remanded. 

HOMER and SLATER, JJ., concur.