LESLEE C. PETERSON, Plaintiff-Appellant, v. STANLEY J. WALLACH, Defendant-Appellee.

First District (1st Division)    No. 1—99—2859

Opinion filed June 26, 2000.

Michael J. Vahey and Henry N. Novoselsky, both of Shaheen, Orr, Griffin & Staat, P.C., of Chicago, for appellant.

Terry D. Weissman and Angela Elbert Dietz, both of Neal, Gerber & Eisenberg, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Ordinarily, an action for attorney malpractice must be brought "within two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13—214.3(b) (West 1992).[1] Section 13—214.3(c) of the Limitations Act (735 ILCS 5/13—214.3(c) (West 1992)) then provides a repose period and states that except as provided in section 13—214.3(d), no action may be commenced more than six years after the date on which the act or omission occurred. Finally, section 13—214.3(d) (735 ILCS 5/13—214.3(d) (West 1992)) creates an exception to the six-year repose period and states, in part, that where the injury caused by the act or omission does not occur until the death of the person for whom professional services were rendered, the action may be commenced within two years after the date of the person's death. At issue in this case is whether the exception to the six-year period of repose set forth in section 13—214.3(d) is applicable only in those

---

[1]The Limitations Act was amended by Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995), which was held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, we revert to the prior version of the statute.

cases where assets of the deceased pass pursuant to the Probate Act of 1975 (Probate Act) (755 ILCS 5/5—1 *et seq.* (West 1998)), or whether the exception is also applicable where assets of the deceased pass by means of an *inter vivos* trust.

In *Zelenka v. Krone*, 294 Ill. App. 3d 248 (1997), the court considered this issue and concluded that the exception to the repose period created by section 13—214.3(d) is applicable only where assets are distributed pursuant to the Probate Act and that it is not applicable to assets that pass via an *inter vivos* trust. With respect to the instant case, the circuit court expressed disagreement with the *Zelenka* court's conclusion but, nonetheless, felt bound to follow it and dismissed count I of plaintiff's complaint as time-barred.[2] We, too, disagree with *Zelenka*. The clear and unambiguous language of section 13—214.3(d) states that where the injury caused by the act or omission does not occur until the death of the person for whom professional services were rendered, the complainant has two years from the date of that person's death in which to commence an action. There is no language limiting section 13—214.3(d) to assets subject to distribution through probate proceedings or excluding assets that are transferred via an *inter vivos* trust. Accordingly, we reverse the judgment of the circuit court.

## BACKGROUND

Leslee Peterson, plaintiff, the daughter of Ardele and Sidney Peterson, is the sole beneficiary of Ardele's estate, which plaintiff received pursuant to an *inter vivos* trust. Plaintiff filed her complaint on November 9, 1998, alleging that Stanley J. Wallach, defendant, committed malpractice because he negligently rendered estate planning advice to plaintiff's mother. Specifically, plaintiff alleged that in 1989 Ardele engaged the services of defendant to handle the administration of Sidney's estate. Ardele also requested defendant to recommend estate planning procedures that would minimize death taxes on her estate when she passed away and to maximize the value of assets that plaintiff would receive upon Ardele's death. Plaintiff alleged that defendant undertook to provide such services and recommended that Ardele make substantial taxable *inter vivos* gifts to plaintiff. In reliance upon defendant's advice, in 1990 and 1991, Ardele made gifts to plaintiff totaling approximately $580,000. According to plaintiff, upon Ardele's death on November 10, 1996, these gifts were "added back" into Ardele's estate for purposes of determining death taxes. As a

---

[2]Although count II of plaintiff's complaint is, apparently, still pending in the circuit court, we exercise jurisdiction over the issue presented in this matter pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

result, the death taxes due on Ardele's estate were increased by approximately $238,000.

## ANALYSIS

If the exception to the repose period set forth in section 13—214.3(d) of the Limitations Act (735 ILCS 5/13—214.3(d) (West 1992)) is applicable only to assets that pass pursuant to the Probate Act, plaintiff's claim is barred by the six-year period of repose set forth in section 13—214.3(c). However, if section 13—214.3(d) is applicable where assets pass pursuant to an *inter vivos* trust, then plaintiff's claim is timely filed. Whether section 13—214.3(d) is applicable to assets that pass pursuant to an *inter vivos* trust is an issue of statutory construction, which this court reviews *de novo* (*Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 183 (1999)). The primary rule of statutory construction is to give effect to the legislature's intent. *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 484 (1992). "Legislative intent is best evidenced by the language used by the legislature, and where an enactment is clear and unambiguous a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Where the statutory language is clear and unambiguous, the court will not resort to extrinsic aids of statutory construction. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197 (1992). Moreover, the statute should be read as a whole and "construed so that no word or phrase is rendered superfluous or meaningless." *Kraft*, 138 Ill. 2d at 189.

●1 Following are the relevant provisions of the Limitations Act:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death *unless* letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975." (Emphasis added.) 735 ILCS 5/13—214.3 (West 1992).

■ Section 13—214.3(d) unambiguously states that where the injury caused by the act or omission does not occur until the death of the person for whom professional services were rendered, the complainant has two years from the date of that person's death in which to commence an action. There is no language limiting it to assets subject to distribution through probate proceedings or excluding assets that are transferred via an *inter vivos* trust. Accordingly, a claimant has two years in which to file a claim *"unless"* one of two events occurs—either letters of office are issued or the will is admitted to probate. If one of those two events occurs during the two-year period following the death of the person for whom services were negligently provided, any action must then be commenced within the time for filing claims against the estate (see 755 ILCS 5/18—3 (West 1998) (claims may be filed on or before the date stated in the notice, which date shall not be less than six months from the date of the first publication or three months from the date of mailing or delivery, whichever is later)), or within the time for filing a petition contesting the validity of the will of the deceased person (755 ILCS 5/8—1(a) (West 1998) (petition contesting the validity of a will must be filed within six months of its admission to probate)), whichever is later, as provided in the Probate Act. The primary inquiry in determining whether section 13—214.3(d) is applicable is whether the injury caused by the act or omission occurred upon the death of the person for whom services were rendered, not the manner in which assets were distributed. Accordingly, where any injury caused by an act or omission does not occur until the death of the person for whom professional services were rendered, section 13—214.3(d) is applicable regardless of whether the assets are subject to distribution through probate proceedings, an *inter vivos* trust, or some other mechanism.

Contrary to defendant's contention, the legislative history does not support the conclusion that section 13—214.3(d) applies only to assets distributed in accordance with the Probate Act. Representative Cullerton stated that the bill of which section 13—214.3(d) was a part created a two-year statute of limitations with a six-year period of repose. 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 55. Representative Cullerton noted that there were "some exceptions, of course, as in the case where you don't learn about the malpractice in the case of say a will or testamentary trust because the error could not be discovered until after the client has died." 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 56 (statements of Representative Cullerton). According to defendant, this and other references during the House debate to wills and testamentary trusts indicate that section 13—214.3(d) applies *only* to wills and testamentary trusts.

We disagree. The primary focus of the House debate was whether there should be any statute of limitations for attorney malpractice. One concern that was voiced was whether there would be any recourse for a negligently drafted will because the statute of repose could run before the client died and the negligence was discovered. Representative Cullerton's statement's were in response to these concerns and were in no way an attempt to create an exhaustive list of the various situations to which section 13—214.3(d) would apply.

Moreover, Representative Cullerton referred only to "wills" generally. However, where the gross value of the decedent's estate, "including the value of all property passing to any party either by intestacy or under a will, does not exceed $50,000," delivery of the estate may be made upon affidavit. 755 ILCS 5/25—1 (West 1998). Where the criteria set forth in section 25—1 are met, the will need not be admitted to probate and no letters of office need be issued.

To accept defendant's argument that section 13—214.3(d) applies only to assets distributed through probate would result in disparate treatment of attorneys based on the value of the estate as opposed to the attorneys' conduct. Consider the following:

> An attorney prepares two wills, committing the same negligent act in each. Because the first will involves less than $50,000 it is delivered upon affidavit. The assets are not distributed through probate proceedings and no letters of office are issued. Accordingly, the decedent's heirs cannot take advantage of the exception to the statute of repose set forth in section 13—214.3(d) and their malpractice claim is barred. However, the second will involves assets greater than $50,000 and it is distributed through probate proceedings. In this situation, the decedent's heirs may successfully bring a malpractice claim.

We do not believe the legislature intended such a result. In enacting section 13—214.3(d), the legislature intended to create an exception to the six-year period of repose whereby attorneys could be held liable for their acts or omissions in those situations where the injury does not occur until the death of the person for whom the professional services were rendered. We see no reason why an attorney who prepares a will involving an estate of less than $50,000, an *inter vivos* trust, or other similar instrument should enjoy greater protection from liability for malpractice than an attorney who prepares a will involving assets greater than $50,000. Moreover, defendant makes no argument regarding why attorneys preparing probated assets should enjoy less protection from malpractice claims than attorneys who prepare similar instruments that differ only in regard to the value of the assets involved. Defendant asks this court to read an exception into the statute that simply is not there.

Defendant next argues that applying section 13—214.3(d) to *inter vivos* trusts would expand that provision so that any claim generally related to estate planning malpractice could be brought within the exception to the six-year repose period, including those situations where: (1) a real estate attorney negligently fails to place real property in a tenancy by the entirety; (2) a corporate attorney negligently fails to include a provision in a shareholder agreement requiring the corporation to purchase stock from the estate of a deceased shareholder; and (3) a personal injury attorney negligently fails to preserve the testimony of her client through an evidence deposition prior to the client's death. These situations, however, are not currently before this court and we therefore leave consideration of them until such time as they are.

To the extent that this opinion is inconsistent with *Zelenka v. Krone*, 294 Ill. App. 3d 248 (1997), we decline to follow that decision. In *Zelenka*, the defendant drafted an *inter vivos* trust for Ernest Zelenka in which he named his wife, Doris, as a co-beneficiary to one-half of all real estate held under the terms of a trust. The defendant also prepared a will for Ernest that left the residuary of Ernest's estate to his son and nephew. Under the terms of the trust, any property owned by Ernest that was not otherwise disposed of pursuant to the trust passed to his estate and then through the residuary clause of his will. *Zelenka*, 294 Ill. App. 3d at 250. The *Zelenka* court reasoned as follows:

"Subsection (d) specifically limits the time in which a person may commence an action to two years unless letters of office are issued or a will is admitted to probate. In addition, it states that it applies to actions commenced within the time for filing claims under the Probate Act. Thus, it is apparent from the language of section 13—214.3(d) that it applies only to legal malpractice actions related to claims against an estate or petitions contesting the validity of a will under the Probate Act. It does not pertain to those assets that are not subject to distribution in accordance with the Probate Act." *Zelenka*, 294 Ill. App. 3d at 252.

First, in concluding that section 13—214.3(d) "applies only to legal malpractice actions related to claims against an estate or petitions contesting the validity of a will under the Probate Act," *Zelenka* fails to give meaning to the term "unless." 294 Ill. App. 3d at 252. Section 13—214.3(d) clearly states that a claimant has two years in which to bring an action "*unless*" letters of office are issued or the will is admitted to probate. Where no letters of office are issued or where the will is not admitted to probate, a claim must be brought within two years.

Second, the *Zelenka* court stated that section 13—214.3(d) "applies to actions commenced within the time for filing claims under the Probate Act." 294 Ill. App. 3d at 250. The court then concludes that section 13—214.3(d) applies only to malpractice actions related to claims against an estate or petitions contesting the validity of a will. However, actions that may be commenced under the Probate Act are not limited to claims against an estate and actions contesting the validity of a will. For example, section 8—1(f) (755 ILCS 5/8—1(f) (West 1998)) provides that "[a]n action to set aside or contest the validity of a revocable *inter vivos* trust agreement or declaration of trust to which a legacy is provided by the settlor's will which is admitted to probate shall be commenced within and not after the time to contest the validity of a will as provided in subsection (a) of this Section [six months] and Section 13—223 of the Code of Civil Procedure [(735 ILCS 5/13—223 (West 1998))]."

Third, under the *Zelenka* court's reasoning, the key to determining whether a malpractice action may be commenced within the time limits set forth in section 13—214.3(d) is the manner in which the assets are distributed. Yet section 13—214.3(d) makes no mention of the manner in which assets are distributed. Rather, the touchstone to bringing a malpractice action under this section is the timing of the injury. Where the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, section 13—214.3(d) is applicable. If the legislature had intended that section 13—214.3(d) apply only to assets distributed through probate, the legislature could easily have expressed its intention by including language to that effect or by excluding assets distributed via *inter vivos* trusts and other similar instruments.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is reversed and this matter is remanded for proceedings consistent with this opinion.

Reversed and remanded.

O'MARA FROSSARD, P.J., and GALLAGHER, J., concur.