Docket No. 89947–Agenda 23–March 2001.

LESLEE C. PETERSEN, Appellee, v. STANLEY J. WALLACH, Appellant.

Opinion filed January 25, 2002.

JUSTICE KILBRIDE delivered the opinion of the Court:

The sole issue presented by this appeal is whether the exception to the six-year statute of repose for attorney malpractice actions under sections 13–214.3(c) and (d) of the Code of Civil Procedure (the Limitations Act) (735 ILCS 5/13–214.3(c), (d) (West 1994)) applies only in cases where the assets of the deceased pass by way of the Probate Act of 1975 (Probate Act or Act) (755 ILCS 5/11a–1 
et seq. 
(West 1994)). Plaintiff Leslee C. Petersen, the sole beneficiary of her mother’s 
inter vivos
 trust, brought this action against defendant Stanley J. Wallach, alleging Wallach negligently rendered estate planning advice to her mother. The circuit court of Cook County dismissed the complaint as time-barred.

Petersen appealed and the appellate court reversed. 314 Ill. App. 3d 823. We now affirm and hold that section 13–214.3(d) (735 ILCS 5/13–214.3(d) (West 1994)) applies in all attorney malpractice cases when the injury occurs upon the death of the person for whom services were rendered, regardless of the manner used to distribute the decedent’s assets.

BACKGROUND

Petersen filed her complaint on November 9, 1998. The complaint alleged that in 1989 Petersen’s mother engaged the services of defendant both to handle the administration of her husband’s estate and to recommend estate planning advice that would minimize estate taxes. While providing these services, defendant allegedly recommended that plaintiff’s mother make substantial taxable 
inter vivos
 gifts to plaintiff. In 1990 and 1991, plaintiff’s mother made such gifts, totaling approximately $580,000. According to plaintiff, upon her mother’s death on November 10, 1996, these gifts were “added back” into her mother’s estate for purposes of determining taxes, resulting in an increase of $238,000 in tax liability.

Defendant moved to dismiss plaintiff’s complaint as time-barred, alleging that the claim was not initiated within the six-year statute of repose found in section 13–214.3(c). Specifically, defendant argued that the services were rendered between 1989 and 1991 and the suit was not filed until November 9, 1998. In response, plaintiff countered that the section 13–214.3(d) exception to the statute of repose should apply to her claim because she filed suit within two years of her mother’s death on November 10, 1996. The provisions of the Limitations Act at issue here provide, in relevant part, as follows:

“(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person’s death unless letters of office are issued or the person’s will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975.” 735 ILCS 5/13–214.3 (West 1994).
(footnote: 1)
 Under this statutory framework, the trial court granted defendant’s motion to dismiss, specifically relying on 
Zelenka v. Krone
, 294 Ill. App. 3d 248 (1997). In 
Zelenka
, the Appellate Court, Third District, held that the exception to the six-year statute of repose created by section 13–214.3(d) is applicable only when the assets of a deceased are distributed under the Probate Act and not when the assets pass via an 
inter vivos
 trust. 
Zelenka
, 294 Ill. App. 3d at 252. The 
Zelenka
 court focused on the language in section 13–214.3(d) limiting legal malpractice actions to the time period for filing claims against the estate or to the time period for filing a petition to contest the validity of the will. According to the 
Zelenka
 court, that language indicates section 13–214.3(d) applies only to legal malpractice actions related to claims involving assets that pass under the Probate Act and not to claims involving assets passing independent of the Act. 
Zelenka
, 294 Ill. App. 3d at 252.

In the instant case, plaintiff appealed, arguing that the plain language of section 13–214.3(d) indicated that the exception applied to her claim because the section does not draw a distinction between probate and nonprobate distributions. Thus, according to plaintiff, her action was timely, even though she did not file it within the six-year statute of repose embodied within section 13–214.3(c) (735 ILCS 5/13–214.3(c) (West 1994)). The Appellate Court, First District, agreed and reversed, stating:

“The primary inquiry in determining whether section 13–214.3(d) is applicable is whether the injury caused by the act or omission occurred upon the death of the person for whom services were rendered, not the manner in which assets were distributed. Accordingly, where any injury caused by an act or omission does not occur until the death of the person for whom professional services were rendered, section 13–214.3(d) is applicable regardless of whether the assets are subject to distribution through probate proceedings, an
 inter vivos
 trust, or some other mechanism.” 314 Ill. App. 3d at 827.

In order to resolve the conflict between this case and 
Zelenka
, we granted defendant’s petition for leave to appeal. 177 Ill. 2d R. 315. On appeal to this court, defendant argues that we should follow 
Zelenka
 for three reasons: (1) by tracking the language of the limitations periods applicable under the Probate Act, section 13–214.3(d) indicates that it only applies to claims arising out of the distribution of assets under the Probate Act; (2) the legislative history of section 13–214.3(d) indicates that the General Assembly intended solely to address probate distributions; and (3) application of section 13–214.3(d)’s limitation period to assets passing by way of an 
inter vivos
 trust could lead to an absurd or unjust result. We decline to follow 
Zelenka
 and affirm the decision of the appellate court below.

ANALYSIS

The interpretation of a statute is a question of law, subject to 
de novo
 review. 
Yang v. City of Chicago
, 195 Ill. 2d 96, 103 (2001). The fundamental principle of statutory construction is to determine and give effect to the intent of the legislature. 
In re Estate of Dierkes
, 191 Ill. 2d 326, 331 (2000). The best means of determining legislative intent is through the statutory language. 
In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992
, 181 Ill. 2d 237, 244 (1998). When the meaning of a statute is not clearly expressed in the statutory language, a court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy. 
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 81 (1994). When the language of an enactment is clear, it will be given effect without resort to other interpretative aids. 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 504 (2000);
 Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 184-85 (1999); 
Epstein v. Chicago Board of Education
, 178 Ill. 2d 370, 375-76 (1997), quoting 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 389 (1996).

We believe the language of section 13–214.3(d) unambiguously supports its application to all cases when the alleged injury caused by the attorney’s act or omission does not occur until the death of the person for whom the professional services were rendered.  There is no language limiting such actions to those that involve assets distributed through probate proceedings or excluding actions that involve nonprobate distributions of assets. Therefore, under the statute a plaintiff has two years to file a claim unless letters of office are issued or the will is admitted to probate. 735 ILCS 5/13–214.3(d) (West 1994).

If one of these two events occur during the two-year period following the death of the client, any action must then be commenced in accordance with time limitations set out in the Probate Act. Specifically, the applicable time limit is no later than the time for filing claims against the estate (see 755 ILCS 5/18–3 (West 1994)) or the time for filing a petition contesting the validity of the will (see 755 ILCS 5/8–1(a) (West 1994)). A claim against the estate may be filed on or before the date stated in the publication notice. 755 ILCS 5/18–3 (West 1994). That date shall not be less than six months from the date of the first publication or three months from the date of mailing or delivery of the notice. 755 ILCS 5/18–3 (West 1994). Alternatively, a petition contesting the validity of a will must be filed within six months of its admission to probate. 755 ILCS 5/8–1(a) (West 1994).

Conversely, if neither of these events occur within the two-year period, a plaintiff has the full two years from the date of the death of the client to file her claim. 735 ILCS 5/13–214.3(d) (West 1994). Thus, the lone inquiry made by a court when determining whether section 13–214.3(d) is applicable is simply whether the injury caused by the malpractice occurred upon the death of the client. The manner of distributing the decedent’s assets is of no consequence.

If the legislature intended to limit the application of section 13–214.3(d) as defendant asserts, it certainly could have expressly limited the Act to probate distributions or by expressly excluding nonprobate distributions. We are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990). Moreover, because the language of section 13–214.3(d) is unambiguous, it was improvident for the appellate court to look beyond the language of the statute to the legislative history. See 
Michigan Avenue National Bank
, 191 Ill. 2d at 504;
 Davis
, 186 Ill. 2d at 184-85; 
Epstein
, 178 Ill. 2d at 375-76. Accordingly, we need not and do not address defendant’s argument concerning the legislative history.

Finally, defendant argues that applying section 13–214.3(d) to all attorney malpractice cases, irrespective of the means of distributing decedent’s assets, could lead to an absurd or unjust result. He contends that the limitation period will actually be shortened in some cases by application of the section 13–214.3(d) exception to the statute of repose. We cannot, however, ignore the plain language of a statute based on conjecture. The possibility of an unjust or absurd result is generally not enough to avoid the application of a clearly worded statute. We apply the rule of construction urged by defendant when an ambiguity exists in the statute’s language. No ambiguity exists here. As we stated in 
County of Knox ex rel. Masterson v. Highlands, L.L.C.
, 188 Ill. 2d 546 (1999):

“ ‘Where the words employed in a legislative enactment are free from ambiguity or doubt, they must be given effect by the courts even though the consequences may be harsh, unjust, absurd or unwise. [Citations.] Such consequences can be avoided only by a change of the law, not by judicial construction.’ ” 
County of Knox ex rel. Masterson v. Highlands, L.L.C.
, 188 Ill. 2d 546, 557 (1999), quoting 
People ex rel. Pauling v. Misevic
, 32 Ill. 2d 11, 15 (1964).

CONCLUSION

It is the dominion of the legislature to enact laws and it is the province of the courts to construe those laws. We can neither restrict nor enlarge the meaning of an unambiguous statute. Section 13–214.3(d) unambiguously applies in all cases when the alleged injury caused by the malpractice does not occur until the death of the client, regardless of whether the deceased client’s assets are distributed by probate, 
inter vivos
 trust, or some other mechanism.  Accordingly, we affirm the judgment of the appellate court.

Affirmed
.

FOOTNOTES
1:     
1
Public Act 89–7 (Pub. Act 89–7, eff. March 9, 1995) partially amended section 13–214.3 by repealing subsection (d). The public act was held unconstitutional in its entirety by this court in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367 (1997). As of this writing, however, the General Assembly has not addressed our holding in 
Best
 with regard to section 13–214.3 and the text of that section remains in its form prior to our decision in 
Best
.