# Illinois Official Reports

## Appellate Court

*Nationstar Mortgage LLC v. Missirlian*, 2017 IL App (1st) 152730

| | |
|---|---|
| Appellate Court Caption | NATIONSTAR MORTGAGE LLC, Plaintiff-Appellant, v. JONATHAN MISSIRLIAN, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2730 |
| Rule 23 order filed<br>Rehearing denied<br>Rule 23 order withdrawn<br>Opinion filed | December 16, 2016<br>January 20, 2017<br><br>February 1, 2017<br>February 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-25185; the Hon. Michael F. Otto, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Locke Lord LLP, of Chicago (Simon A. Fleischmann and Ryan M. Holz, of counsel), for appellant.<br><br>Stephen D. Richek, of Chicago, for appellee. |

| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion. |
| | Justices Hall and Reyes concurred in the judgment and opinion. |

## OPINION

¶ 1    In a mortgage foreclosure action, a mortgage assignee's lack of a license to conduct the business of residential mortgage lending was not a basis to invalidate the assignment, and thus, the trial court erred when it concluded the assignee lacked standing to pursue foreclosure, denied confirmation of the foreclosure sale, and dismissed the foreclosure action.

¶ 2    Plaintiff Nationstar Mortgage LLC (Nationstar) obtained a judgment of foreclosure and sale on a condominium held by defendant Jonathan Missirlian, who had defaulted on his loan. After Nationstar purchased the condominium, the trial court denied confirmation of the sale on the basis that justice was otherwise not done and dismissed the foreclosure action for lack of standing. Specifically, the trial court held that the violation of the licensing statute by a previous assignee rendered the mortgage assignment to Nationstar invalid, and thus, Nationstar lacked standing to pursue foreclosure.

¶ 3    Nationstar appealed, contending (1) defendant failed to meet his burden to establish the sale was improper or justice was otherwise not done, (2) the assignment of the mortgage to an unlicensed assignee in a secondary market transaction did not invalidate the assignment, (3) federal law preempted application of the Illinois statutory licensing requirement in this matter, (4) defendant failed to establish that Nationstar and the previous assignee lacked standing as the servicers of the loan, and (5) Illinois law bars the invalidation of mortgages based on license violations.

¶ 4    For the reasons that follow, we reverse the judgment of the circuit court and remand the cause.

¶ 5                                    I. BACKGROUND

¶ 6    In 2007, Lehman Brothers Bank FSB issued a $442,500 loan to defendant, evidenced by a note and secured by a mortgage on a condominium property located in Chicago. In March 2009, defendant failed to make payments due under the note. In June 2009, the original mortgagee, Mortgage Electronic Registration Systems, Inc. (MERS), assigned the mortgage to Aurora Loan Services LLC (Aurora), which brought this foreclosure action. In 2012, Nationstar acquired the servicing rights for defendant's loan, and Aurora formally assigned the mortgage to Nationstar in 2013. The trial court allowed Aurora to substitute Nationstar as the plaintiff. In January 2014, the trial court granted judgment to Nationstar on its foreclosure and reformation counts and defendant's affirmative defenses and entered a judgment of foreclosure and sale.

¶ 7    Nationstar purchased the property at auction in June 2014 and then moved to confirm the sale. Defendant objected to confirmation, pursuant to the justice clause of section 15-1508(b)(iv) of the Code of Civil Procedure (Code) (735 ILCS 5/15-1508(b)(iv) (West 2014)). Defendant alleged MERS brokered, funded, originated, serviced, and purchased the loan without a license, in violation of section 1-3 of the Residential Mortgage License Act of

1987 (License Act) (205 ILCS 635/1-3 (West 2014)), and Aurora purchased the loan from MERS without a license. Defendant argued the alleged lack of licensure rendered any orders entered in the foreclosure action void.

¶ 8 Nationstar responded that neither MERS nor Aurora originated the loan; MERS was not required to be licensed because it did not broker, fund, originate, service, or purchase defendant's loan; and defendant forfeited the licensing issue by failing to raise it as an affirmative defense.

¶ 9 In April 2015, the trial court denied confirmation of the sale and dismissed the foreclosure action for lack of standing. The court, relying on *First Mortgage Co. v. Dina*, 2014 IL App (2d) 130567, concluded that MERS did not violate the License Act because it did not conduct any of the acts that require licensure, but Aurora violated the License Act because it purchased the mortgage loan from MERS via the assignment of mortgage. Accordingly, the court concluded that Aurora's purchase of the loan was void and Aurora and Nationstar lacked standing to foreclose.

¶ 10 Nationstar moved the court to reconsider, arguing (1) Aurora did not need to be licensed because it did not purchase the loan from MERS, which was the mortgagee of record and never owned the loan, and (2) Aurora did not need to be licensed because at all relevant times it was an operating subsidiary of a federal savings bank, and federal law preempted application of the License Act to federal savings banks and their subsidiaries.

¶ 11 The trial court denied Nationstar's motion to reconsider, and Nationstar timely appealed. On appeal, Nationstar argues the trial court's decision to deny confirmation of the sale and dismiss the foreclosure action based on lack of standing was erroneous and should be reversed because (1) defendant failed to meet his burden to establish the sale was improper or justice was otherwise not done, (2) the assignment of the mortgage to an unlicensed assignee in a secondary market transaction did not invalidate the assignment, (3) federal law preempted application of the Licensing Act to Aurora, which was an operating subsidiary of a federal savings bank, (4) defendant failed to establish that Aurora and Nationstar lacked standing as the servicers of the loan, and (5) Illinois law bars the invalidation of mortgage contracts based on license violations.

¶ 12                                II. ANALYSIS

¶ 13 A trial court's decision to deny confirmation of a judicial sale is generally reviewed under an abuse of discretion standard. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008); *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18 ("a trial court abuses its discretion when its ruling rests on an error of law"). However, in the instant appeal, the resolution of the adjudication of the motion to confirm the foreclosure sale involved an interpretation of section 1-3 of the License Act, which presents a question of law that we review *de novo*. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 506-07 (2003). In construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intention of the legislature, and all other rules of statutory construction are subordinated to this cardinal principle. *Id.* at 507. The plain language of the statute is the best indicator of the legislature's intent. *Allstate Insurance Co. v. Menards, Inc.*, 202 Ill. 2d 586, 591 (2002). When the statute's language is clear, it will be given effect without resort to other aids of statutory construction. *Petersen v. Wallach*, 198 Ill. 2d 439, 445 (2002).

¶ 14 Relying upon the ruling in *Dina*, 2014 IL App (2d) 130567, the trial court held that the assignment of the mortgage from Aurora to Nationstar was void pursuant to section 1-3 of the License Act because Aurora was not licensed to purchase mortgages in Illinois. We disagree. As an initial matter, the evidence fails to establish whether Aurora was exempt from Illinois's licensing requirements and whether federal law preempted the Illinois licensing requirement for the subsidiary of a federal savings bank.

¶ 15 Regardless, the trial court's finding concerning the effect of Aurora's licensing status is legally unsupportable because *Dina* is no longer good law. On July 23, 2015 (approximately 16 months after *Dina* was decided), the legislature amended section 1-3 of the License Act to provide that:

> "A mortgage loan brokered, funded, originated, serviced, or purchased by a party who is not licensed under this Section shall not be held to be invalid solely on the basis of a violation under this Section. The changes made to this Section by this amendatory Act of the 99th General Assembly are declarative of existing law." Pub. Act 99-113, § 5 (eff. July 23, 2015) (amending 205 ILCS 635/1-3(e)).

The legislative intent of the plain language of this amendment seems to be to abrogate *Dina*'s holding that a mortgage made by an unlicensed lender is void as against public policy. See *Federal National Mortgage Ass'n v. Kimbrell*, 2016 IL App (3d) 140662-U, ¶ 27; *Richardson v. JPMorgan Chase Bank, N.A.* (*In re Jordan*), 543 B.R. 878, 883, 885 (Bankr. C.D. Ill. 2016). The amendment explicitly states that it is intended to clarify, not change, existing law, and is consistent with the License Act's preexisting provisions, which do not provide for any private remedies for violations of its licensing requirements, such as a private right of action or the right of a mortgagor to avoid a mortgage obtained by an unlicensed lender. See *Jordan*, 543 B.R. at 883. Thus, there is no right to avoid a mortgage that violates the License Act, and the trial court erred as a matter of law when it declared the mortgage assignment from Aurora to Nationstar void, held that Aurora and Nationstar lacked standing to bring the foreclosure action, and denied confirmation of the foreclosure sale and dismissed the foreclosure action.

¶ 16 ### III. CONCLUSION

¶ 17 For the foregoing reasons, we conclude the trial court erred when it held that the assignment of the mortgage from Aurora to Nationstar was void based on a violation of a licensing requirement. We reverse the judgment of the trial court that denied confirmation of the foreclosure sale and dismissed the foreclosure action for lack of standing and remand this cause for further proceedings.

¶ 18 Reversed and remanded.