2024 IL App (4th) 231305

NO. 4-23-1305

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 21, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| HERMAN SCOTT and ARIANNE JONES, | ) | Appeal from the |
| Plaintiffs-Appellees, | ) | Circuit Court of |
| v. | ) | Peoria County |
| AMERICAN ALLIANCE CASUALTY COMPANY and | ) | No. 22LA247 |
| TIARA LLOYD, | ) | |
| Defendants | ) | Honorable |
| (American Alliance Casualty Company, Defendant- | ) | Stewart James Umholtz, |
| Appellant). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Doherty and DeArmond concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiffs, Herman Scott and Arianne Jones, brought the present action against

defendants, American Alliance Casualty Company (American Alliance) and Tiara Lloyd,

alleging claims for violating the Consumer Fraud and Deceptive Business Practices Act (Act)

(815 ILCS 505/1 *et seq.* (West 2020)), bad faith pursuant to section 155 of the Illinois Insurance

Code (215 ILCS 5/155 (West 2020)), declaratory judgment, and promissory estoppel. American

Alliance filed a motion to dismiss plaintiffs' complaint, which the trial court denied. It then

requested the court find that the order involved a disputed question of law and certify the

question under Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019).

¶ 2        The trial court certified the following question pursuant to Rule 308(a):

"Pursuant to [section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020))], is underinsured motorist coverage automatically required to be included in a policy insuring liability for bodily injury where the policy provides uninsured motorist coverage at the minimum limits required by [section 7-203 of the Illinois Vehicle Code (625 ILCS 5/7-203 (West 2020))]?"

¶ 3    We answer the certified question in the negative.

¶ 4                                    I. BACKGROUND

¶ 5    On November 23, 2022, plaintiffs filed their initial complaint against defendants. On March 29, 2023, plaintiffs filed their first amended complaint, which set forth six counts: one count of violating the Act, two counts of bad faith pursuant to section 155 of the Insurance Code (215 ILCS 5/155 (West 2020)), two counts seeking a declaratory judgment, and one count of promissory estoppel.

¶ 6    The first amended complaint alleged that American Alliance issued an automobile insurance policy to Scott providing the statutory minimum bodily injury liability coverage of $25,000 per person and $50,000 per accident. The policy also provided uninsured motorist coverage in the amount of $25,000 per person and $50,000 per accident. While the policy was in effect, plaintiffs were injured in a multi-vehicle crash for which Lloyd was at fault. Scott was driving the vehicle at the time of the crash, and Jones was his passenger. Eleven people were injured as a result of the crash, and Lloyd had an insurance policy that provided aggregate liability coverage of $50,000 to be split among the injured parties. Though plaintiffs incurred medical expenses exceeding $40,000 due to their injuries from the crash, Scott received only $4060.24 from Lloyd's policy, and Jones received only $8410.54 as a result of the split. American Alliance initially confirmed that Scott's policy included underinsured motorist

- 2 -

coverage. However, it later reversed its position and refused to pay plaintiffs for their underinsured motorist claims related to the crash, claiming Scott's policy did not include underinsured motorist coverage.

¶ 7 The first amended complaint alleged Scott's policy was vague and ambiguous regarding underinsured motorist coverage. It also alleged that selling an automobile insurance policy without underinsured motorist coverage with minimum limits of $25,000 per person and $50,000 per accident violated section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)) and section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020)). The first amended complaint asserted that selling a policy without underinsured motorist coverage, as American Alliance purported to do, was a deceptive and illegal act in violation of the Act such that Scott was entitled to compensatory and punitive damages under the Act.

¶ 8 The first amended complaint also alleged that plaintiffs were entitled to damages under section 155 of the Insurance Code (215 ILCS 5/155 (West 2020)) because American Alliance acted in bad faith in refusing to pay plaintiffs' underinsured motorist claims based on its position that Scott's policy did not provide underinsured motorist coverage, which plaintiffs claimed was legally required to be included in the policy. Plaintiffs also sought a declaratory judgment determining that underinsured motorist coverage existed under Scott's policy at the statutory minimum limits or that the court order the policy to be reformed to include underinsured motorist coverage at the statutory minimum limits pursuant to section 143a-2(4) of the Insurance Code (*id.* § 143a-2(4)) and section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020)). The first amended complaint also set forth a claim of promissory estoppel based on American Alliance's alleged prior representation to Scott that his policy contained underinsured motorist coverage.

¶ 9        On March 30, 2023, American Alliance filed a motion to dismiss plaintiffs' complaint, pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)), which the trial court subsequently construed as a motion to dismiss the first amended complaint. The motion to dismiss asserted several bases for dismissal. Relevant to this appeal, the motion asserted that the declaratory judgment counts should be dismissed, pursuant to section 2-615 of the Code of Civil Procedure (*id.* § 2-615), because Illinois law did not require that Scott's policy include underinsured motorist coverage. Specifically, the motion to dismiss claimed that section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)) mandated underinsured motorist coverage only where a policy's uninsured motorist coverage exceeded the statutory minimum amount of liability coverage, and Scott's policy contained uninsured motorist coverage at the statutory minimum limits.

¶ 10       On July 12, 2023, the trial court held a hearing on American Alliance's motion to dismiss. The court denied the motion, finding, *inter alia*, that it was not clear whether underinsured motorist coverage was required by law to be included in Scott's policy.

¶ 11       On September 27, 2023, American Alliance filed in the trial court a "Motion for Leave to Appeal," in which it requested that the court certify a question of law pursuant to Rule 308(a).

¶ 12       On October 26, 2023, the trial court granted American Alliance's motion, finding its prior order, denying American Alliance's motion to dismiss, involved a question of law concerning whether, under section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)), underinsured motorist coverage was statutorily required to be included in an automobile liability policy providing bodily injury liability and uninsured motorist coverage at the minimum statutory limits. The court found there was substantial ground for a difference of

opinion on this issue and that an immediate appeal might materially advance the ultimate termination of the litigation. The court certified the following question pursuant to Rule 308(a):

"Pursuant to [section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020))], is underinsured motorist coverage automatically required to be included in a policy insuring liability for bodily injury where the policy provides uninsured motorist coverage at the minimum limits required by [section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020))]?"

¶ 13       On November 16, 2023, defendant filed in this court an application for leave to appeal pursuant to Rule 308, which we allowed.

¶ 14                                         II. ANALYSIS

¶ 15       Rule 308(a) provides a procedure for obtaining review of an interlocutory order not otherwise appealable when the trial court finds the order "involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Appellate review under Rule 308 is limited to the certified question of law presented, and the propriety of any particular order of the trial court is not before the appellate court. *Thompson v. Whalen*, 2023 IL App (4th) 220668, ¶ 18; *Combs v. Schmidt*, 2015 IL App (2d) 131053, ¶ 6. Certified questions are, by definition, questions of law subject to *de novo* review. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21.

¶ 16       In this case, we address the following question certified by the trial court:

"Pursuant to [section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020))], is underinsured motorist coverage automatically required to be included in a policy insuring liability for bodily injury where the policy provides

uninsured motorist coverage at the minimum limits required by [section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020))]?"

¶ 17 Section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)) provides, in relevant part:

"On or after July 1, 1983, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle designed for use on public highways and required to be registered in this State *unless underinsured motorist coverage is included in such policy in an amount equal to the total amount of uninsured motorist coverage provided in that policy where such uninsured motorist coverage exceeds the limits set forth in Section 7-203 of the Illinois Vehicle Code*." (Emphasis added.)

¶ 18 Section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020)) provides, in relevant part, that motor vehicle crash policies shall be subject to a minimum liability limit of $25,000 for bodily injury or death of one individual and $50,000 for bodily injury or death of two or more persons in any one motor vehicle crash. All policies must also include uninsured motorist coverage in an amount at least equal to the minimum amounts set forth in section 7-203 of the Vehicle Code. 215 ILCS 5/143a (West 2020). If a policyholder has bodily injury liability limits that exceed the required statutory minimum, the policy must also include uninsured motorist coverage in an equal amount unless the insured specifically rejects uninsured motorist coverage in excess of the minimum statutory limits. *Id.* § 143a-2(1)-(2).

¶ 19    American Alliance argues that, by its plain language, section 143a-2(4) of the Insurance Code (*id.* § 143a-2(4)) does not require the automatic inclusion of underinsured motorist coverage when a policy's liability coverage and uninsured motorist coverage do not exceed the minimum limits set forth in section 7-203 of the Vehicle Code (625 ILCS 5/7-203 (West 2020)). Plaintiffs, on the other hand, argue that underinsured motorist coverage is required to be included with minimum-limits liabilities policies "due to public policy, court interpretation of the statute and the legislative history of amendments to the statute in order to maintain consistency and eliminate absurd results."

¶ 20    Our goal in construing any statute is to ascertain and effectuate the intent of the legislature. *Cassidy v. China Vitamins, LLC*, 2018 IL 122873, ¶ 17. The plain and ordinary meaning of the statutory language is generally the most reliable indicator of legislative intent (*id.*), and "[w]hen the language of an enactment is clear, it will be given effect without resort to other interpretative aids" (*Petersen v. Wallach*, 198 Ill. 2d 439, 445 (2002)). However, "a literal reading must fail if it yields absurd, inconvenient, or unjust results." *Cassidy*, 2018 IL 122873, ¶ 17; see *In re D.F.*, 208 Ill. 2d 223, 230 (2003) ("A court *** is not bound by the literal language of a statute that produces a result inconsistent with clearly expressed legislative intent, or that yields absurd or unjust consequences not contemplated by the legislature.").

¶ 21    While we need not interpret a statute literally if it would lead to absurd results, we may not, under the guise of statutory interpretation, " 'correct' an apparent legislative oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language." *People v. Pullen*, 192 Ill. 2d 36, 42 (2000).

> " '[T]he absurd results doctrine merely permits a court to favor an otherwise reasonable construction of the statutory text over a more literal interpretation

where the latter would produce a result demonstrably at odds with any conceivable legislative purpose. [Citation.] It does not, however, license a court to simply ignore or rewrite statutory language on the basis that, as written, it produces an undesirable policy result.' " *D.F.*, 208 Ill. 2d at 249-50 (Freeman, J., specially concurring, joined by McMorrow, C.J.) (quoting *Taylor-Hurley v. Mingo County Board of Education*, 551 S.E.2d 702, 710 (W. Va. 2001)).

"[A] reviewing court must not rewrite statutes to make them consistent with the court's idea of orderliness and public policy." (Internal quotation marks omitted.) *Kloeppel v. Champaign County Board*, 2021 IL App (4th) 210091, ¶ 17. "Where the words employed in a legislative enactment are free from ambiguity or doubt, they must be given effect by the courts even though the consequences may be harsh, unjust, absurd or unwise." (Internal quotation marks omitted.) *County of Knox ex rel. Masterson v. Highlands, L.L.C.*, 188 Ill. 2d 546, 557 (1999). Such consequences can only be remedied by a change in the law. *Id.* Interpreting a statute is a question of law subject to *de novo* review. *Petersen*, 198 Ill. 2d at 444.

¶ 22        We find, by its plain language, section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)) requires underinsured motorist coverage to be included in a liability policy in an amount equal to the amount of uninsured motorist coverage provided in the policy *only* "where such uninsured motorist coverage exceeds the limits set forth in Section 7-203 of the Illinois Vehicle Code." Accordingly, when a policy provides uninsured motorist coverage with the statutory minimum limits, automatic inclusion of underinsured motorist coverage in an equal amount is not required under section 143a-2(4) of the Insurance Code (*id.*).

¶ 23        Our interpretation of section 143a-2(4) of the Insurance Code is consistent with that of other courts. In *Eipert v. State Farm Mutual Automobile Insurance Co.*, 189 Ill. App. 3d

630, 633-35 (1989), the court interpreted a statutory provision identical in all relevant respects to what is now section 143a-2(4) of the Insurance Code. The *Eipert* court considered the question of whether the statute required insurance companies to provide underinsured motorist coverage when uninsured motorist coverage was purchased at the statutory minimum level, and the court held it did not. *Id.* The court stated:

> "The language of the statute clearly states that when an insured purchases uninsured motorist coverage over the statutory minimum amount, the insurance company must provide underinsured motorist coverage in at least the same amount. There is no language in the statute to indicate that when uninsured motorist coverage is purchased at the statutory minimum amount, underinsured motorist coverage must be provided. *** The language of the statute indicates the legislature intended that an insurance company is only required to provide underinsured motorist coverage when uninsured motorist coverage is purchased above the statutory minimum amount." *Id.* at 635.

See *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 57 (2011) ("*If the uninsured-motorist coverage limit exceeds the minimum liability limit required by the Financial Responsibility Law*, the policy must also include underinsured-motorist coverage in an amount equal to the uninsured-motorist coverage." (Emphasis added.)); *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 44-45 (2003) ("[U]nderinsured coverage is mandatory *where uninsured coverage in excess of the minimum statutory limits exists ***.*" (Emphasis added.)); see also *DeGrand v. Motors Insurance Corp.*, 146 Ill. 2d 521, 529-30 (1992).

¶ 24    In their brief, plaintiffs argue, essentially, that the legislature's limitation of the automatic inclusion of underinsured motorist coverage to policies providing uninsured motorist coverage in excess of the statutory minimum limits was due to a legislative oversight. Plaintiffs note that the provision in section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)), mandating the provision of underinsured motorist coverage in an amount equal to uninsured motorist coverage "where such uninsured motorist coverage exceeds the limits set forth in Section 7-203 of the Illinois Vehicle Code," was enacted in the early 1980s. Plaintiffs assert that, at that time, it was "generally concludable" that an underinsured motorist policy at the minimum limits would be worthless. They discuss the history of legislative amendments to section 143a-2(4) and related case law and assert the law "evolve[d] to recognize" situations where multiple claimants first exhaust a tortfeasor's liability coverage and then turn to their own underinsured motorist coverage to obtain an additional recovery. See *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474 (1997). Plaintiffs contend that, in multi-claimant situations, such as the case here, where minimum liability limits are involved, underinsured motorist coverage has value.

¶ 25    Plaintiffs claim that, despite these changes, "no one thought to remove" the portion of section 143a-2(4) limiting the mandatory inclusion underinsured motorist coverage to policies where the uninsured motorist coverage exceeds the statutory minimum liability limits. Plaintiffs describe this portion of the statute as a "vestigial tail." Plaintiffs contend that our interpretation of section 143a-2(4) of the Insurance Code leads to the unjust and absurd result that they would have been able to make a larger recovery if Lloyd had been uninsured and they could have tapped Scott's uninsured motorist coverage with $50,000 aggregate limits, which is statutorily required to be included in all policies. See *Sulser v. Country Mutual Insurance Co.*,

147 Ill. 2d 548, 557-58 (1992) (recognizing "the absurdity of a situation where a policyholder would receive fewer benefits in the fortuitous event of being injured by an underinsured rather than by an uninsured motorist").

¶ 26     Even if we were to accept plaintiffs' legislative oversight argument, we cannot ignore the plain and unambiguous language of section 143a-2(4) of the Insurance Code (215 ILCS 5/143a-2(4) (West 2020)), which limits the requirement that underinsured motorist coverage be automatically included in an amount equal to the uninsured motorist coverage to policies providing uninsured motorist coverage in excess of the statutory minimum limits. While this limitation may lead to situations where multiple claimants exhaust a tortfeasor's liability coverage and ultimately receive less compensation than they would have received under their own minimum-limits policies had the tortfeasor been uninsured, we cannot omit this clear limitation in the statute under the guise of statutory interpretation. See *Pullen*, 192 Ill. 2d at 42; *Village of Chatham v. County of Sangamon*, 351 Ill. App. 3d 889, 894 (2004) ("Language free from ambiguity and doubt will be given effect even if the consequences are harsh, absurd, or unwise.").

¶ 27                              III. CONCLUSION

¶ 28     For the reasons stated, we answer the trial court's certified question in the negative and remand the matter for further proceedings.

¶ 29     Certified question answered; cause remanded.

*Scott v. American Alliance Casualty Co.*, 2024 IL App (4th) 231305

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 22-LA-247; the Hon. Stewart James Umholtz, Judge, presiding. |
| **Attorneys for Appellant:** | Donald Patrick Eckler and Glenn A. Klinger, of Freeman Mathis & Gary, LLP, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Jeff Green, of Peoria Heights, for appellees. |