Docket No. 105459.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

MARIE WACKROW, Appellant, v. FREDERICK C. NIEMI, Appellee.

*Opinion filed November 20, 2008.*

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Plaintiff, Marie Wackrow, filed a complaint for legal malpractice against defendant, Frederick C. Niemi. The circuit court of Cook County dismissed plaintiff's complaint as time-barred under section 13–214.3(d) of the Code of Civil Procedure (735 ILCS 5/13–214.3(d) (West 1994)). The appellate court affirmed the trial court's judgment. No. 1–06–1556 (unpublished order under Supreme Court Rule 23). This court then allowed plaintiff's petition for leave to appeal. 210 Ill. 2d R. 315(a).

## BACKGROUND

The following facts are alleged in plaintiff's complaint. We accept those allegations as true for purposes of our review of the rulings on

defendant's motion to dismiss. *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 325 (1995). In March 1993, defendant prepared a living trust for plaintiff's brother, James D. Woods. On April 15, 2002, defendant prepared an amendment to the living trust. That amendment provided:

> "3.21 Gift of Specific Real Estate. I give my residence commonly known as 933 Oakwood Drive, Westmont, Illinois to my sister, Marie Wackrow. In the event my residence is sold prior to my death, I give my sister, Marie Wackrow, the sum of $300,000[.]
>
> I direct my trustee to convey the real estate within two months of my death subject to all taxes, assessments, and covenants and restriction of record.
>
> I republish and restate all other terms of my trust and subsequent amendments."

James Woods died in August 2002. Letters of office were issued and Woods' will was admitted to probate on October 23, 2002.[1] On April 13, 2003, plaintiff made a claim against Woods' estate for the property promised to her under the amendment to Woods' living trust. The estate did not deliver the property or the $300,000 to plaintiff. On October 24, 2003, the probate court denied plaintiff's claim against the estate.[2] Plaintiff then filed an attorney malpractice

---

[1] This information is taken from the appellate court opinion. The only reference in the record to letters of office and the date that Woods' will was admitted to probate is in defendant's memorandum in support of his motion to dismiss filed in the circuit court. Plaintiff's complaint contained no allegations concerning the letters of office or when Woods' will was admitted to probate. Defendant's memorandum noted that a probate action was opened in the circuit court of Cook County, and that the court could take judicial notice of documents in the public record in considering a section 2–619 motion to dismiss, citing *Village of Riverwoods v. BG Limited Partnership*, 276 Ill. App. 3d 720 (1995).

[2] Plaintiff's complaint did not set forth the reason why the estate failed to deliver the property to plaintiff, or the reason why the court denied plaintiff's claim against the estate. Based upon the facts alleged, it appears that plaintiff's claim to the property was denied because title to the property was not in Woods' name individually. Further, plaintiff presumably was not

complaint against defendant on December 27, 2004, alleging that defendant failed to exercise reasonable care in creating the trust amendment, because a sufficient title search would have revealed that the actual owner of the property was not Woods individually, but another trust.

Defendant filed a motion to dismiss plaintiff's complaint arguing that the complaint was not timely under section 13–214.3(d), because the complaint was not brought within the time for filing claims against the estate or contesting the will. The trial court agreed and dismissed plaintiff's complaint with prejudice. The trial court thereafter denied plaintiff's motion for reconsideration.

The appellate court affirmed. No. 1–06–1556 (unpublished order under Supreme Court Rule 23). The appellate court held that its prior decision in *Poullette v. Silverstein*, 328 Ill. App. 3d 791 (2002), was dispositive. *Poullette* held that where a will has been admitted to probate, or letters of office have issued, section 13–214.3(d) establishes the legislature's intent to terminate the possibility of liability after a defined period of time–within the time to file a claim against the estate or to contest the validity of a will, regardless of whether the plaintiff's cause of action has accrued. *Poullette*, 328 Ill. App. 3d at 796. The appellate court noted that in this case, letters of office were issued and Woods' will was admitted to probate on October 23, 2002. No. 1–06–1556 (unpublished order under Supreme Court Rule 23). Based upon *Poullette*, the appellate court held that, because plaintiff's complaint was not filed within the time for filing claims against Woods' estate or to contest the validity of his will, the trial court properly dismissed plaintiff's claim as time-barred under section 13–214.3(d). No. 1–06–1556 (unpublished order under Supreme Court Rule 23).

### ANALYSIS

Defendant's motion to dismiss plaintiff's complaint as time-barred was based upon section 2–619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(5) (West 2004)). A section 2–619

---

entitled to the $300,000 because Woods' property was not sold prior to his death.

motion to dismiss admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from those facts. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). When ruling on a section 2–619 motion to dismiss, a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Porter*, 227 Ill. 2d at 352. This court's review of a section 2–619 dismissal is *de novo*. *Porter*, 227 Ill. 2d at 352.

The statute at issue, section 13–214.3 of the Code of Civil Procedure, provides, in pertinent part:

> "(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.
>
> (c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.
>
> (d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975." 735 ILCS 5/13–214.3 (West 1994).[3]

---

[3]Public Act 89–7, eff. March 9, 1995, partially amended section 13–214.3 by repealing subsection (d). However, the public act was held unconstitutional in its entirety by this court in *Best v. Taylor Machine*

This court addressed section 13–214.3(d) in *Petersen v. Wallach*, 198 Ill. 2d 439 (2002). At issue in *Petersen* was whether section 13–214.3(d) applied only to claims arising from the distribution of assets under the Probate Act, or whether section 13–214.3(d) also applied to claims involving assets passing independent of the Probate Act. In addressing the issue, this court held that "the language of section 13–214.3(d) unambiguously supports its application to all cases when the alleged injury caused by the attorney's act or omission does not occur until the death of the person for whom the professional services were rendered." *Petersen*, 198 Ill. 2d at 445. This court explained that, under the statute, a plaintiff has two years to file a claim unless letters of office are issued or the will is admitted to probate. *Petersen*, 198 Ill. 2d at 445. If either of those two events occur during the two-year period following the death of the client, "any action must then be commenced in accordance with time limitations set out in the Probate Act." *Petersen*, 198 Ill. 2d at 445.

Under the Probate Act, the applicable time limit is no later than the time for filing claims against the estate (see 755 ILCS 5/18–3 (West 1994)) or the time for filing a petition contesting the validity of the will (755 ILCS 5/8–1(a) (West 1994)). *Petersen*, 198 Ill. 2d at 445. A claim against the estate may be filed on or before the date stated in the publication notice, which date shall not be less than six months from the date of the first publication, or three months from the date of mailing or delivery of the notice, whichever is later (see 755 ILCS 5/18–3 (West 1994)). *Petersen*, 198 Ill. 2d at 445-46. A petition contesting the validity of a will must be filed within six months of its admission to probate. 755 ILCS 5/8–1(a) (West 1994). This court explained, then, that the lone inquiry made by a court when determining whether section 13–214.3(d) is applicable is simply whether the injury caused by the malpractice occurred upon the death of the client. *Petersen*, 198 Ill. 2d at 446.

Based upon *Petersen*, then, we must determine whether the injury caused by the malpractice in this case occurred upon the death of

*Works*, 179 Ill. 2d 367 (1997). To date, the General Assembly has not addressed our holding in *Best* with regard to section 13–214.3. The text of that section therefore remains in its form prior to our decision in *Best*.

Woods, the client. Plaintiff's amended complaint alleged that Woods retained defendant to prepare the amendment to his living trust giving plaintiff his property in Westmont or, if the property was sold before his death, giving plaintiff $300,000. Plaintiff alleged that defendant failed to exercise reasonable care in the preparation of the amendment, and failed to conduct a sufficient title search to determine that the actual owner of the property was a land trust in which Woods had the sole beneficial interest, and not Woods individually. Plaintiff alleged that defendant breached his duty to Woods to prepare a trust document that accomplished Woods' intent. Finally, plaintiff alleged that, due to defendant's failure to determine the nature of Woods' ownership interest and his failure to prepare a trust document that accomplished Woods' intentions, plaintiff was injured.

Based upon the preceding allegations, it is clear that the injury in this case did not occur until the death of Woods. Plaintiff alleges legal malpractice in the drafting of the amendment to Woods' trust. Because Woods could have revoked that amendment or changed the beneficiary prior to his death, the injury did not occur until Woods' death. Consequently, section 13–214.3(d) applies to plaintiff's claim.

Plaintiff, however, denies that the injury caused by defendant's legal malpractice occurred upon the death of Woods. Plaintiff claims that defendant's professional services were rendered for both Woods and for plaintiff, as a third-party beneficiary. Plaintiff argues that because professional services were rendered on her behalf as a third-party beneficiary, and because she is still alive, section 13–214.3(d) does not apply. Rather, the injury caused by plaintiff's legal malpractice occurred when the administrator of Woods' estate denied her claim.

There is no merit to this claim. As discussed, section 13–214.3(d) applies to plaintiff's claim because the injury caused by defendant's legal malpractice did not occur until the death of Woods. Section 13–214.3(d) looks to "the death of the *person* for whom the professional services were rendered." (Emphasis added.) 735 ILCS 5/13–214.3(d) (West 1994). Woods was the *person* for whom the professional services were rendered. As defendant notes, to accept plaintiff's argument would eviscerate the repose provision set forth in section 13–214.3(d). Applying plaintiff's reasoning, no claim

-6-

against an estate would be barred until the death of each intended beneficiary of a will or trust. Such a result would be contrary to the legislative intent behind a statute of repose. A "period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986). A period of repose is not intended to expand the possibility of liability indefinitely. Based upon the plain language of the statute, the injury caused by defendant's legal malpractice in this case occurred upon the death of Woods, and not when plaintiff's claim against Woods' estate was denied.

Plaintiff then argues that her complaint was timely because the statute of repose did not apply in this case, so that the exception to the statute of repose set forth in section 13–214.3(d) could not apply. Plaintiff notes that section 13–214.3 provides for a two-year statute of limitations, followed by a six-year statute of repose. According to plaintiff, the repose provision in section 13–214.3(d) is triggered only when the six-year repose period has expired and would otherwise bar a plaintiff's claim for legal malpractice. Plaintiff reasons that because her complaint was filed within the two-year statute of limitations for legal malpractice, neither the six-year statute of repose nor the subsection (d) repose period applied to her claim.

In support of this argument, plaintiff cites our decision in *Petersen*, 198 Ill. 2d 439 (2002). Specifically, plaintiff cites *Petersen*'s statement that, "[c]onsidering its language, section 13–214.3(d) was simply intended to create an exception to the six-year repose period for attorney malpractice actions where the alleged injury does not occur until the death of the client." *Petersen*, 198 Ill. 2d at 447-48. Plaintiff reads the preceding statement as holding that section 13–214.3(d) creates an exception to the statute of repose that applies only when the six-year repose period has run.

Plaintiff has misinterpreted our statement in *Petersen*. Section 13–214.3(d) does create an exception to the six-year repose period for attorney malpractice actions where the alleged injury does not occur until the death of the person for whom professional services were rendered. However, that exception is not *in addition to* the two-year statute of limitations and the six-year statute of repose. Rather, the

exception applies *instead of* the two-year statute of limitations and the six-year statute of repose. As the appellate court in *Poullette* correctly held, "[n]othing in the statute conditions the application of subsection (d) on whether the repose period in subsection (c) has expired." *Poullette*, 328 Ill. App. 3d at 795.

We recognize that the effect of the section 13–214.3(d) exception may shorten the limitation period for legal malpractice complaints and may mean that a plaintiff's action is barred before she learns of her injury. However, the fact that a repose provision "may, in a particular instance, bar an action before it is discovered is an accidental rather than necessary consequence." *Mega*, 111 Ill. 2d at 424. As *Poullette* recognized, where a "will has been admitted to probate or letters of office are issued, the legislature intended to terminate the possibility of liability after a defined period of time, regardless of whether plaintiff's cause of action has accrued." *Poullette*, 328 Ill. App. 3d at 796.

It follows, then, that under the statute, plaintiff had two years to file her complaint against defendant unless letters of office were issued or the will was admitted to probate. Because letters of office were issued and Woods' will was admitted to probate on October 23, 2002, plaintiff was required to file her complaint within the time for filing claims against the estate or the time for filing claims against the estate or the time for filing a petition contesting the validity of the will.[4] A petition contesting the validity of a will must be filed within

---

[4]With regard to filing claims against the estate, the Probate Act provides that it is the duty of the representative to publish once each week for three successive weeks, and to mail or deliver to each creditor of the decedent, a notice stating that claims may be filed on or before the date stated in the notice, which date shall not be less than six months from the date of the first publication, or three months from the date of mailing or delivery of the notice, whichever is later. 755 ILCS 5/18–3 (West 1994). As noted, there was no information in plaintiff's pleadings or in the record on appeal concerning the letters of office or the date for filing claims against the estate. Plaintiff, as appellant, had the burden of presenting a sufficiently complete record of the proceedings at trial to support a claim of error and, in the absence of such a record on appeal, a reviewing court will presume that the order entered by the trial court was in conformity with the law and

six months of its admission to probate. 755 ILCS 5/8–1(a) (West 1994). Accordingly, plaintiff had until April 23, 2003, to file her complaint. Because plaintiff's complaint was not filed until December 27, 2004, the trial court properly dismissed plaintiff's complaint as untimely, and the appellate court properly affirmed that dismissal.

## CONCLUSION

For the reasons set forth above, we affirm the appellate court's judgment.

*Appellate court judgment affirmed.*

---

had a sufficient factual basis. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Any doubts arising from the incompleteness of the record are resolved against the appellant. *Midstate*, 204 Ill. 2d at 319. Consequently, because the record contains no information indicating the date for filing claims against the estate, we will presume that the circuit court correctly ruled that plaintiff's complaint against defendant was not filed within that time frame. In any event, we note that plaintiff has never challenged, in this court or in the appellate court, the finding that her complaint was not filed within the time for filing claims against the estate.