ERIK JAASON, Plaintiff-Appellant, v. BARBARA J. SULLIVAN *et al.*,
Defendants-Appellees.

First District (2nd Division)   No. 1—08—1254

Opinion filed March 31, 2009.—Rehearing denied April 29, 2009.

Schiff, Gorman & Krkljes, of Chicago (Elliot R. Schiff, of counsel), for appellant.

Brenner, Ford & Monroe, of Chicago (Stephen Kolodziej and Sheldon Brenner, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Erik Jaason, appeals from an order of the circuit court which found that his legal malpractice action against the defendants, Barbara J. Sullivan and B.J. Sullivan & Associates, is time barred and dismissed the action on that basis. For the reasons that follow, we reverse the dismissal of the plaintiff's action and remand the matter to the circuit court for further proceedings.

The plaintiff filed the instant action seeking damages from the defendants by reason of their alleged legal malpractice in the preparation of a will for Alexander Koepp. In his complaint, the plaintiff alleged that, at some time in 2006, Koepp retained the defendants to prepare a will which, in relevant part, provided that upon Koepp's death his personal residence located at 4418 N. California, Chicago, Illinois (the Property), was to be sold to the plaintiff for $150,000 if the plaintiff desired to purchase the Property. The defendants prepared the will containing the provision relating to the Property which Koepp requested. At all relevant times, however, the Property was held by Koepp in joint tenancy with his wife, Karsti Koepp.

Koepp died on November 12, 2006. The plaintiff alleges that, as a result of the Property being held in joint tenancy, it passed to Karsti Koepp outside of Koepp's estate and is unavailable for purchase by the plaintiff under the terms offered in the will. In his complaint, the plaintiff charged that the defendants deviated from their duty and failed to adhere to the applicable standard of care in failing to recognize that the Property was held in joint tenancy and would pass to Karsti Koepp outside of Koepp's estate and in failing to prepare the necessary documentation to sever the joint tenancy prior to Koepp's death.

The plaintiff filed his complaint against the defendants in the circuit court of Cook County on December 4, 2007. As their responsive pleading, the defendants filed a motion for involuntary dismissal pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 2006)), alleging that the plaintiff's action is time barred pursuant to the provisions of section 13—214.3(d) of the Code (735 ILCS 5/13—214.3(d) (West 1994))[1]. The circuit court granted the motion, and this appeal followed.

---

[1]Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995) repealed subsec-

Since the trial court dismissed the plaintiff's action in response to a motion pursuant to section 2—619 of the Code, our review is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993). In conducting that review, our function is to determine "whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116-17.

■ Section 13—214.3(d) of the Code provides as follows:

"When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975." 735 ILCS 5/13—214.3(d) (West 1994).

The statute applies to all cases when the alleged injury caused by an attorney's act or omission does not occur until the death of the person for whom the professional services were rendered. *Petersen v. Wallach*, 198 Ill. 2d 439, 445, 764 N.E.2d 19 (2002). If, as in this case, within two years after the date of the death of the person for whom the professional services were rendered, letters of office are issued or the person's will is admitted to probate, the malpractice action against the attorney must be filed within the time for filing claims against the estate or a petition contesting the validity of the deceased person's will, as provided in the Probate Act, whichever is the later date.

A petition contesting the validity of a will must be filed within six months of the will's admission to probate. 755 ILCS 5/8—1(a) (West 2006); *Wackrow v. Niemi*, 231 Ill. 2d 418, 428, 899 N.E.2d 273 (2008). Koepp's will was admitted to probate and letters of office were issued to the plaintiff as independent executor of Koepp's estate on February 22, 2007. Therefore, the time for filing a petition contesting the validity of Koepp's will expired on August 22, 2007. 755 ILCS 5/8—1(a) (West 2006). Clearly, the filing of the plaintiff's legal malpractice action on December 4, 2007, was after the expiration of the time for the filing of a petition contesting the validity of Koepp's will. We are left then with the question of whether the action was commenced within the time for filing claims against Koepp's estate.

■ Section 18—3(a) of the Probate Act provides:

---

tion (d). However, Public Act 89—7 was held unconstitutional in its entirety by our supreme court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). Therefore, the prior version of the statute remains in effect.

"It is the duty of the representative to publish once each week for 3 successive weeks, and to mail or deliver to each creditor of the decedent whose name and post office address are known to or are reasonably ascertainable by the representative and whose claim has not been allowed or disallowed as provided in Section 18—11, a notice stating the death of the decedent, the name and address of the representative and of his attorney of record, that claims may be filed on or before the date stated in the notice, which date shall be not less than 6 months from the date of the first publication or 3 months from the date of mailing or delivery, whichever is later, and that any claim not filed on or before that date is barred." 755 ILCS 5/18—3(a) (West 2006).

A notice to Koepp's creditors was published in the Chicago Daily Law Bulletin once each week for three weeks beginning on May 31, 2007. The notice provided that claims against the estate must be filed on or before December 1, 2007. On February 7, 2008, the same day that the defendants filed their section 2—619(a)(5) motion for involuntary dismissal in this action, attorneys representing the plaintiff in his capacity as independent executor of Koepp's estate filed 17 "Notice to Creditor" forms in the probate action advising particular creditors of Koepp that any claims they may have against the estate must be filed by May 9, 2008.

The plaintiff argues that, by reason of the issuance of the notices to Koepp's known creditors on February 7, 2008, the time for filing claims against Koepp's estate did not expire until May 9, 2008, and, as a result, the filing of his legal malpractice action on December 4, 2007, was timely pursuant to the provisions of section 13—214.3(d) of the Code.

The defendants argue that the action is untimely as it was not filed by December 1, 2007, the time for filing claims against Koepp's estate as set forth in the notice to creditors published in the Chicago Daily Law Bulletin beginning on May 13, 2007. They contend that section 18—3(a) of the Probate Act does not authorize the representative of an estate to set different deadlines for different creditors to file claims against the estate. According to the defendants, section 18— 3(a) of the Probate Act contemplates only a single statutory notice to creditors and a single deadline for the filing of all claims against the estate by any creditor. We disagree.

Section 18—3(a) authorizes notice by publication to the unknown creditors of an estate and requires that a notice be mailed or delivered to each creditor of the decedent whose name and address are known or reasonably ascertainable. Contrary to the defendants' assertion, the statute does not provide for but a single notice to all creditors both

known and unknown. Our conclusion in this regard rests upon the plain language of the statute which provides that the date stated in the notice for the filing of claims against the estate may not be sooner than six months from the first publication of the notice or three months from the date of delivery or mailing of a notice to known creditors, whichever is later. If, as the statute contemplates, delivery or mailing of a notice to a known creditor may fix the date for filing of a claim against the estate on some date later than six months subsequent to the first publication of notice to unknown creditors, it follows that the statute authorizes the representative of an estate to issue notices to known creditors which set a different date for the filing of claims against the estate than was set in the published notice.

■ In this case, notices to known creditors of Koepp's estate were issued on February 7, 2008, fixing May 9, 2008, as the last date for filing claims against Koepp's estate. Therefore, the plaintiff's action against the defendants, which was filed on December 4, 2007, was "commenced within the time for filing claims" against Koepp's estate as set forth in section 18—3(a) of the Probate Act of 1975 and prior to the expiration of the period of repose set forth in section 13—214.3(d) of the Code. For this reason, we reverse the circuit court's dismissal of the plaintiff's action and remand this cause for further proceedings.

We are not unmindful that the plaintiff is also the independent executor of Koepp's estate who caused the issuance of notices to 17 of Koepp's known creditors on February 7, 2008, the same date that the defendants filed their section 2—619(a)(5) motion to dismiss the instant action, fixing May 9, 2008, as the last date for filing claims against Koepp's estate. However, there is no evidence in the record that would allow us to conclude that those notices were fraudulent as a matter of law.

Reversed and remanded.

KARNEZIS, P.J., and SOUTH, J., concur.