# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Pugsley v. Tueth*, 2012 IL App (4th) 110070

| | |
|---|---|
| Appellate Court Caption | LISA PUGSLEY and LORI DUNN, Plaintiffs, and JERROLD H. STOCKS, JOSEPH R. WETZEL, and WINTERS, FEATHERSTUN, GAUMER, POSTLEWAIT, STOCKS & FLYNN, on Behalf of LISA PUGSLEY and LORI DUNN, Intervenors-Appellants, v. JAMES E. TUETH, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-11-0070 |
| Argued | January 11, 2012 |
| Filed | February 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A legal malpractice action alleging that defendant attorney failed to comply with the alleged request of plaintiffs' mother to "deed the farm to the girls" was improperly dismissed as untimely on the ground that the action was filed after the six-month limitations period in section 13-214.3(d) of the Code of Civil Procedure applicable to actions when an attorney's omission occurs upon the death of a client, since plaintiffs' injury occurred at a time unrelated to their mother's death, namely, when defendant failed to comply with the request to or when the husband of plaintiffs' mother renounced the mother's will, and, therefore, the two-year limitations period in section 13-214.3(b) applied, and plaintiffs' action filed within two years of either the husband's renunciation or the time defendant did not satisfy the mother's request was timely. |

| Decision Under Review | Appeal from the Circuit Court of Piatt County, No. 09-L-3; the Hon. John P. Shonkwiler, Judge, presiding. |
| --- | --- |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Karen L. Kendall and Craig L. Unrath (argued), both of Heyl, Royster, Voelker & Allen, of Peoria, and Scott D. Spooner and John O. Langfelder, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellants. |
| | Kenneth D. Reifsteck (argued), of Thomas, Mamer & Haughey, LLP, of Champaign, for appellee. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion. Justice Knecht concurred in the judgment and opinion. Justice Cook specially concurred, with opinion. |

**OPINION**

¶ 1    Intervenors, Jerrold H. Stocks, Joseph R. Wetzel, and Winters, Featherstun, Gaumer, Postlewait, Stocks & Flynn, appeal the circuit court's order granting defendant James E. Tueth's motion to dismiss plaintiffs' complaint on statute of limitations grounds. Plaintiffs, Lisa Pugsley and Lori Dunn, filed suit against Tueth, an attorney, for legal malpractice, alleging Tueth failed to convey certain real estate to plaintiffs from their mother, Tueth's client. Attorneys Stocks and Wetzel, who are attorneys with the Winters, Featherstun law firm, initially represented plaintiffs in their lawsuit against Tueth, but withdrew from representation when it appeared that plaintiffs' interests were in conflict with the firm's. Stocks and Wetzel then moved to intervene when plaintiffs notified them they would be the subject of a legal-malpractice lawsuit for not timely filing the lawsuit against Tueth. The intervenors' position is that plaintiffs' lawsuit was timely against Tueth. We agree with the intervenors' position and, accordingly, reverse the court's order dismissing the lawsuit and remand for further proceedings.

¶ 2                            I. BACKGROUND

¶ 3    In February 2009, plaintiffs, while represented by attorneys Stocks and Wetzel of the

Winters, Featherstun firm, filed a three-count complaint against Tueth, alleging legal malpractice, each of the three counts addressing a separate parcel of real estate. In the complaint, plaintiffs alleged that on March 7, 2007, their mother, Yvonne Haynes, who owned real estate in Macon County, met with her attorney, Tueth. Yvonne's real estate consisted of three tracts: 40 acres of farmland (referred to as "the back 40"); a second parcel (referred to as the "front tract"); and a parcel referred to as "the homestead." Yvonne individually owned the back 40 in fee simple. She and her husband, Verne Haynes, owned the other two tracts in joint tenancy.

¶ 4 At the March 2007 meeting, Yvonne instructed Tueth to sever the joint tenancies and "deed the farm to the girls," referring to plaintiffs. In response, Tueth advised Yvonne that her will would "take care of it." Tueth did not present Yvonne with any subsequent deeds, and on May 25, 2007, Yvonne died. A copy of Yvonne's will is not included in the record on appeal. Because neither party asserts differently, we assume the will provided as Yvonne had requested with regard to the back 40. Plaintiffs alleged they were third-party beneficiaries of the professional contractual relationship between Yvonne and Tueth and that Tueth breached his duty to Yvonne by not severing the joint tenancies and not deeding the parcels to plaintiffs.

¶ 5 Yvonne's will was admitted to probate on June 15, 2007. The time to contest the validity of her will continued through December 18, 2007, and the time to file claims on her estate continued through December 21, 2007. On August 14, 2007, Verne renounced Yvonne's will.

¶ 6 In May 2009, Tueth filed an answer to the complaint, admitting he had been retained to transfer the back 40, but he claims the transfer was to be made by Yvonne's will. Tueth denied that Yvonne made the statement "deed the farm to the girls" in the "restricted fashion pleaded," meaning, according to Tueth, Yvonne did not intend an immediate transfer. Tueth raised two affirmative defenses: (1) mutual mistake of fact; and (2) lack of consideration.

¶ 7 In March 2010, Stocks filed a motion to withdraw as counsel, claiming circumstances had developed which created "a difference in interests between attorney and client." Jeffrey S. Deutschman assumed representation of plaintiffs.

¶ 8 In July 2010, Tueth filed a motion to amend his answer to include a third affirmative defense. He sought to include the defense that plaintiffs' lawsuit was barred by the six-month statute of limitations applicable to legal malpractice actions when the attorney's omission occurs upon the death of the client (735 ILCS 5/13-214.3(d) (West 1994)).

¶ 9 In August 2010, Tueth filed a motion to dismiss the complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2008)), claiming section 13-214.3(d) governed plaintiffs' suit and required that plaintiffs' complaint be filed on or before December 21, 2007, the expiration of the time period within which claims against the estate must have been filed.

¶ 10 Plaintiffs filed a response to Tueth's motion to dismiss, claiming section 13-214.3(d) of the Code (735 ILCS 5/13-214.3(d) (West 1994)), here referred to as the Limitations Act, did not apply because plaintiffs' injury occurred prior to Yvonne's death when Tueth negligently assured her that it was not necessary to convey the property because her will would "take

care of it." Attached to plaintiffs' response was an affidavit prepared by Teena Koontz, who was present at Yvonne's home with Tueth, Yvonne, and Pugsley when Yvonne executed her will. According to Koontz, Yvonne instructed Tueth to "deed the farm to the girls." Tueth replied: "Kay, you do not need to worry, the will will take care of it." Tueth did not explain that Verne had a right to renounce the will.

¶ 11     Also in August 2010, Deutschman filed a notice of an attorney's lien upon the Winters, Featherstun firm, based on a claim that Stocks and Wetzel had failed to timely file plaintiffs' legal malpractice case against Tueth. Stocks, Wetzel, and the firm filed a motion for leave to intervene claiming they had an interest in the circuit court's determination on whether plaintiffs' complaint was timely filed. They asserted that section 13-214.3(d) of the Limitations Act did not apply because plaintiffs' injury did not occur upon Yvonne's death, but instead, upon Verne's act of renouncing Yvonne's will, triggering either a two-year statute of limitations under section 13-214.3(b) of the Limitations Act (735 ILCS 5/13-214.3(b) (West 1994)) or the six-year statute of repose under section 13-214.3(c) of the Limitations Act (735 ILCS 5/13-214.3(c) (West 1994)).

¶ 12     At the hearing on Tueth's motion to dismiss, where no party presented evidence, the circuit court ruled that plaintiffs' lawsuit was governed by section 13-214.3(d) of the Limitations Act and was, therefore, time barred. Upon questioning by the court, Tueth's attorney admitted that Yvonne had said at the time she executed her will: "[D]eed the farm to the girls." However, counsel believed "there [was] going to be factual dispute" as to the meaning of the phrase. Stocks' attorney agreed "that's an unresolved issue of fact." However, after considering the parties' arguments and the case law presented, the court agreed with Tueth and dismissed plaintiffs' complaint as time barred pursuant to section 13-214.3(d) of the Limitations Act (735 ILCS 5/13-214.3(d) (West 1994)). This appeal followed.

¶ 13                                                    II. ANALYSIS

¶ 14     Stocks, Wetzel, and the Winters, Featherstun law firm, as intervenors, appeal the circuit court's order granting Tueth's section 2-619 motion to dismiss. They claim (1) plaintiffs' injury occurred in August 2007 when Vernon renounced Yvonne's will, (2) section 13-214.3(d) of the Limitations Act (735 ILCS 5/13-214.3(d) (West 1994)) does not apply, and (3) plaintiffs' complaint was timely filed as it was filed within two years of plaintiffs' injury pursuant to section 13-214.3(b) of the Limitations Act (735 ILCS 5/13-214.3(b) (West 1994)).

¶ 15     We review a trial court's decision to dismiss a complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)) *de novo*. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 23. A section 2-619 motion to dismiss disposes of issues of law and easily proved issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The motion admits as true all well-pleaded facts and all reasonable inferences that can be determined from those facts. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). When considering an appeal on a section 2-619 motion to dismiss, the reviewing court must consider whether there exists a disputed issue of material fact or whether dismissal is proper as a matter of law. *Thurman v. Champaign Park District*,

2011 IL App (4th) 101024, ¶ 18.

¶ 16    Section 13-214.3 of the Limitations Act provides for the periods of limitations and repose for legal-malpractice actions. It states, in relevant part, as follows:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975." 735 ILCS 5/13-214.3(b), (c), (d) (West 1994).

¶ 17    The "discovery rule" is incorporated in the limitations period in subsection (b) above. That is, the statute of limitations is tolled until the plaintiff knows or reasonably should know of her injury. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 10. The statute of repose in subsection (c) operates "to curtail the 'long tail' of liability that may result from the discovery rule." *Snyder*, 2011 IL 111052, ¶ 10 (quoting *Sorenson v. Law Offices of Theodore Poehlmann*, 327 Ill. App. 3d 706, 708 (2002)). The statute of repose is not linked to the date of injury but, instead, it precludes recovery after a fixed period of time. *Snyder*, 2011 IL 111052, ¶ 10. In this case, plaintiffs' action must have been commenced within six years "after the date on which the act or omission occurred." 735 ILCS 5/13-214.3(c) (West 1994).

¶ 18    This case is similar to the supreme court's recent decision in *Snyder*. There, in 2008, the plaintiff wife sued the attorney defendant for malpractice because in 1997, her husband had retained the attorney to deed their marital home, held in the husband's name individually, to the couple in joint tenancy with right of survivorship. *Snyder*, 2011 IL 111052, ¶ 3. The attorney did so. In December 2007, the husband died. Upon his death, it was discovered that the marital home was held in a land trust, not in the husband's name individually. Thereafter, the husband's son, plaintiff's stepson, the beneficiary of the land trust, sought plaintiff's removal from the home. On February 28, 2008, plaintiff filed a two-count complaint. Count I alleged legal malpractice against defendant. Count II sought the imposition of a constructive trust against her stepson. *Snyder*, 2011 IL 111052, ¶ 2. The trial court dismissed the legal malpractice action as untimely, finding the plaintiff's suit was barred by the six-year statute of repose in section 13-214.3(c) of the Limitations Act (735 ILCS 5/13-214.3(c) (West 1994)). *Snyder*, 2011 IL 111052, ¶ 5. The Second District reversed, finding subsection (d) applied as the injury occurred upon the husband's death in 2007. *Snyder*, 2011 IL 111052,

¶ 6.

¶ 19    The supreme court reversed the appellate decision, finding the injury actually occurred upon the attorney's alleged negligent act of preparing the deed. *Snyder*, 2011 IL 111052, ¶ 17. In so holding, the court distinguished the facts in *Snyder* from those in *Wackrow v. Niemi*, 231 Ill. 2d 418 (2008), a case relied upon by Tueth and the circuit court in this case.

¶ 20    In *Wackrow*, the defendant attorney prepared an amendment to a living trust by which his client, Woods, would give to his sister, the plaintiff, his residence or, if the residence was sold before he died, the sum of $300,000. After Woods died, the plaintiff sought to obtain the residence. The plaintiff discovered that Woods had owned the residence, not individually, but by a land trust. The plaintiff filed suit against the attorney, alleging he had failed to exercise reasonable care to determine the actual owner of the property prior to preparing the trust amendment. The circuit court granted the attorney's section 2-619 motion to dismiss on the basis that the suit was barred as untimely pursuant to section 13-214.3(d) of the Limitations Act. The supreme court affirmed. *Wackrow*, 231 Ill. 2d at 428-29.

¶ 21    The *Snyder* court held that the "fundamental difference" between *Wackrow* and the facts before it was that the services rendered by the attorney to the husband in *Snyder* "were intended to have an immediate benefit during [his] lifetime." *Snyder*, 2011 IL 111052, ¶ 14. Whereas, in *Wackrow*, Woods had retained the attorney to give his residence to his sister upon his death, and therefore, " '[b]ecause Woods could have revoked [the trust] amendment or changed the beneficiary prior to his death, the injury did not occur until Woods' death.' " *Snyder*, 2011 IL 111052, ¶ 14. In contrast, in *Snyder*, the injury occurred at the time the deed was prepared and executed. *Snyder*, 2011 IL 111052, ¶ 14. Thus, subsection (b) applied providing for a two-year statute of limitations. See 735 ILCS 5/13-214.3(b) (West 1994). However, because the plaintiff did not file her malpractice action until more than 10 years later, the 6-year statute of repose set forth in subsection (c) barred her claim. *Snyder*, 2011 IL 111052, ¶ 17.

¶ 22    When determining whether section 13-214.3(d) is applicable, a court's sole inquiry is whether the injury caused by the malpractice occurred upon the client's death. *Fitch v. McDermott, Will & Emery, LLP*, 401 Ill. App. 3d 1006, 1022 (2010). With these authorities in mind, we must determine the date of injury to determine what statute of limitations period applies to this case. If the facts are more akin to *Wackrow* and plaintiffs' injury occurred at Yvonne's death, then subsection (d) applies to bar the lawsuit as untimely. If the facts are more akin to *Snyder* and plaintiffs' injury occurred at a time other than upon Yvonne's death, then subsection (b) applies, meaning plaintiff's lawsuit was timely filed. After careful consideration, we find plaintiffs' injury occurred either before Yvonne's death or when Verne renounced the will, not upon Yvonne's death. In fact, when Yvonne died, plaintiffs appeared to be getting ownership of the back 40, just as Yvonne had directed. It was not until Verne renounced the will that plaintiffs were deprived of their respective interests in that property. Whether Yvonne intended that plaintiffs were to receive a share of the other two parcels held in joint tenancy is a disputed issue for trial. Tueth could not have achieved Yvonne's goal regarding the other two parcels with provisions in Yvonne's will if those parcels were held in joint tenancy with a right of survivorship.

¶ 23    Indeed, Tueth could have corrected his error prior to Yvonne's death by preparing, executing, and recording the required deeds. Additionally, it is true that plaintiffs would not have been injured had Yvonne not died. Furthermore, Tueth was unable to correct his error once Yvonne died. However, Tueth's alleged error of failing to prepare the deeds did not create an injury to plaintiffs upon Yvonne's death. In fact, assuming Yvonne's will adequately directed the disposition of the back 40, plaintiffs would have received the property through probate as she had desired. Instead, plaintiffs were injured when Verne renounced the will in August 2007, taking plaintiffs' interests in that property from them. If it is determined that Tueth had been directed to deed the two other parcels to plaintiffs, then their injury occurred sometime between March and May 2007. Thus, as in *Snyder*, the injury occurred at a time unrelated to the client's death. *Snyder*, 2011 IL 111052, ¶ 14.

¶ 24    At most, Yvonne's death was the triggering event that led to Verne's renunciation of the will–the event which can be specifically identified as the date of injury, if an injury occurred, in relation to the back 40. With regard to the other two parcels, if proved, Yvonne's death precluded Tueth from correcting his error, which caused injury to the plaintiffs sometime between March and May 2007. See *Snyder*, 2011 IL 111052, ¶ 14 (the injury occurred at the time the deed was prepared, not upon the client's death). Since the injury in this case, if any, occurred at a time unrelated to Yvonne's death (either before her death for the two joint-tenancy parcels (between March and May 2007) or upon Verne's renunciation of the will in August 2007 as to the back 40), the two-year limitations period contained in subsection (b) of the Limitations Act applies. See *Snyder*, 2011 IL 111052, ¶ 17. Thus, plaintiffs' February 2009 complaint was timely filed.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we hold the circuit court erred in granting defendant's section 2-619 motion to dismiss on the grounds plaintiffs' lawsuit was time barred. We therefore reverse the judgment and remand for further proceedings.

¶ 27    Reversed and remanded.

¶ 28    JUSTICE COOK, specially concurring:

¶ 29    The statute of limitations for legal malpractice, set out in section 13-214.3(b), allows an action to be brought many years after the act or omission has occurred, "within 2 years from the time the person bringing the action knew or reasonably should have known of the injury." 735 ILCS 5/13-214.3(b) (West 1994). The statute of repose, set out in section 13-214.3(c), establishes a fixed cutoff point, "6 years after the date on which the act or omission occurred." 735 ILCS 5/13-214.3(c) (West 1994). Section 13-214.3(d), which appears to deal with malpractice in the preparation of wills and the like, clearly *extends* the statute of repose in appropriate cases. If a lawyer has committed malpractice in the preparation of a will, and the testator dies 10 years later, the 6-year statute of repose does not apply, and the action may be commenced within 2 years of the death, or even later if "letters of office are issued or the person's will is admitted to probate within that 2 year period," in which case the action must

-7-

be brought within the time for filing claims or contesting the validity of the will. 735 ILCS 5/13-214.3(d) (West 1994). In Illinois, letters of office or probate may be sought many years after the person's death, but section 13-214.3(d) does not provide an unlimited extension, only an extension where the letters of office or probate are obtained within two years of the death.

¶ 30     *Extending* the statute of repose until the time for filing claims or contesting the validity of the will makes sense. A lawyer's error may result in claims being filed against an estate or a will contest. But does section 13-214.3(d) ever *shorten* the statute of repose? And could section 13-214.3(d) even shorten the statute of limitations to a period less than two years from the date of the occurrence? It is unusual for a statute of repose to bar a claim prior to the minimal period allowed by the statute of limitations. Statutes of repose set an outside limit on actions, not a short limit. The section 13-214.3(c) statute of repose provides that it applies, "[e]xcept as provided in subsection (d)," but the section 13-214.3(b) statute of limitations does not contain such language. 735 ILCS 5/13-214.3(c) (West 1994). If section 13-214.3(d) was intended only to *extend* the statute of repose, there was no reason to apply it to the two-year statute of limitations, which would not expire anyway until there was knowledge of the injury. What sense does it make for the statute of repose to be shortened to the time for filing claims or renouncing a will?

¶ 31     A fairly straightforward application of subsection (d) occurred in *Petersen v. Wallach*, 198 Ill. 2d 439 (2002). In that case the attorney, providing estate-planning services, recommended plaintiff's mother make substantial *inter vivos* gifts, which she did in 1990 and 1991. On the mother's death on November 10, 1996, however, the gifts were "added back" to her estate for tax purposes, resulting in a large tax increase. Plaintiff's daughter filed suit November 9, 1998. The attorney argued subsection (d) did not apply, because the mother's assets did not go through probate but passed via an *inter vivos* trust. The Illinois Supreme Court held that section 13-214.3(d) applies in all cases "when the alleged injury caused by the malpractice does not occur until the death of the client," the language of section 13-214.3(d), regardless of whether the deceased client's assets are distributed by probate, *inter vivos* trust, or some other mechanism. *Petersen*, 198 Ill. 2d at 448. Apparently the statute of repose was extended by the two-year provision of section 13-214.3(d) but not by any additional time for filing claims or contesting a will. Suit was filed the day before expiration of the two-year period. The attorney argued that applying section 13-214.3(d) to all attorney-malpractice cases, irrespective of the means of distributing decedent's assets, could lead to absurd or unjust results, and the limitations period would actually be shortened in some cases. The Illinois Supreme Court responded that the possibility of an unjust or absurd result is generally not enough to avoid the application of a clearly worded statute. The court considered a hypothetical where the attorney prepared two wills, committing the same error in each, but one did not have to be probated because it involved less than $50,000, concluding that such disparate treatment would not be appropriate.

¶ 32     Things got more complicated in *Wackrow v. Niemi*, 231 Ill. 2d 418, where the attorney, on April 15, 2002, prepared an amendment to a living trust, directing the trustee to convey the settlor's residence to his sister within two months of his death, or pay her $300,000 if the residence was sold prior to his death. Unfortunately, title to the residence was not in the

settlor's name individually. The settlor died in August 2002; letters of office were issued and his will was admitted to probate October 23, 2002; the sister's claim against the estate was denied October 24, 2003; and the malpractice action was filed December 27, 2004. The supreme court concluded that because the settlor could have revoked the amendment or changed the beneficiary prior to his death, the injury did not occur until the settlor's death. *Wackrow*, 231 Ill. 2d at 425. The court rejected the sister's argument that she was a third-party beneficiary of the legal services and that the malpractice occurred after the settlor's death, when the administrator denied her claim. "[T]o accept plaintiff's argument would eviscerate the repose provision set forth in section 13-214.3(d)." *Wackrow*, 231 Ill. 2d at 426. The court then reached the concern expressed in *Petersen*, holding that section 13-214.3(d) did not just extend the time for filing suit: "that exception is not *in addition to* the two-year statute of limitations and the six-year statute of repose. Rather, the exception applies *instead of* the two-year statute of limitations and the six-year statute of repose." (Emphasis in original.) *Wackrow*, 231 Ill. 2d at 427. Nothing in the statute conditions the application of subsection (d) on whether the repose period of subsection (c) has expired. "We recognize that the effect of the section 13-214.3(d) exception may shorten the limitation period for legal malpractice complaints and may mean that a plaintiff's action is barred before she learns of her injury." *Id.* However, the legislature intended to terminate the possibility of liability after a "defined period of time." (Internal quotation marks omitted.) *Wackrow*, 231 Ill. 2d at 427.

¶ 33        The supreme court was able to avoid the application of section 13-214.3(d) in *Snyder v. Heidelberger*, 2011 IL 111052, which perhaps was not an estate-planning case. In *Snyder*, the attorney prepared a quitclaim deed from the husband to the husband and wife as joint tenants, but the property was held in a land trust and passed to the husband's son on his death. The deed was prepared in 1997, the husband died in December 2007, and suit was filed February 28, 2008. The wife, citing *Wackrow*, argued that because her husband could have corrected the error at any time prior to his death, the injury did not occur until his death. The supreme court disagreed, holding that the six-year statute of repose barred the claim. The failure of the deed to create a joint tenancy caused a present injury that occurred at the time the deed was prepared, in contrast to the trust amendment in *Wackrow* that was intended to take effect upon the settlor's death. The court rejected the idea there could be more than one injury. "We note that section 13-214.3(d) applies when '*the* injury caused by the act or omission *does not occur* until the death ***.' [Citation.]" (Emphasis in original.) *Snyder*, 2011 IL 111052, ¶ 16. The court was concerned with an overly broad construction of section 13-214.3(d). "To accept [the wife's] construction of the legal malpractice statute would mean that the limitations period would not begin to run in any case until the client died and the error could no longer be corrected. This would eviscerate the statute of repose." *Snyder*, 2011 IL 111052, ¶ 15. Justice Freeman, dissenting, believed that under *Wackrow*, the wife should have had two years from the date of her husband's death to file suit. "*Wackrow* stands for the notion that, as long as the client who had intended to convey the interests to the plaintiff was still alive, the attorney's error could be fixed by the drafting of a proper conveyance ***." *Snyder*, 2011 IL 111052, ¶ 40, (Freeman, J., dissenting). Subsection (d) created an exception to the repose period in cases where the injury did not occur "until after the death" of the person for whom the legal services were rendered, in order to prevent sections 13-214.3(b)

and 13-214.3(c) from creating a *de facto* bar to estate-planning legal malpractice. *Snyder*, 2011 IL 111052, ¶ 38 (Freeman, J., dissenting).

¶ 34    Applying these concepts, it first should be noted that our case may be an estate-planning case, unlike *Snyder*. Yvonne spoke of a "deed," but attorney Tueth said the will would "take care of it." All three tracts could have been conveyed up until Yvonne's death, as in *Wackrow*, but *Snyder* rejected that approach as to deeds which were intended to create a present interest. Deeds were executed in *Snyder*, but none were prepared here. The time for executing deeds expired with Yvonne's death. Certainly as to the tracts held in joint tenancy, the will could not "take care of it"; deeds severing the joint tenancies were required. As to the tract held in fee simple, intent is important. Did Yvonne intend that her daughters have an immediate interest, or did she want the daughters to obtain the fee simple on her death? Was there some conflict between Yvonne and her husband? Should the possibility of renunciation of the will been anticipated and eliminated with an immediate deed?

¶ 35    In my view, a plaintiff filing a malpractice action should have at least two years to file his action. Section 13-214.3(d) should not be read to shorten the legal malpractice statute of limitations or statute of repose. I recognize that position was rejected in *Wackrow*, but the legislature should recognize the confusion caused by this statute and make any necessary changes. It is important that statutes of limitation and statutes of repose be clear and definite. The legislature should address whether section 13-214.3(d) can ever be used to shorten the statute of limitations or statute of repose. The legislature should also decide whether section 13-214.3(d) applies to all malpractice actions, or only to those involving estate-planning concerns, carefully defining which actions are covered.