2019 IL App (3d) 170767

Opinion filed September 10, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| DOME TAX SERVICES COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-17-0767 |
| | ) | Circuit No. 16-MR-1985 |
| STEVE WEBER, in His Official Capacity as | ) | |
| the Treasurer of Will County, | ) | The Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1  In December 2012, plaintiff, Dome Tax Services Company (Dome), purchased a property in Homer Glen, Illinois, in a tax sale. In January 2015, the property owners filed for Chapter 11 bankruptcy and, subsequently, filed a motion for declaration of sale in error. The trial court entered an agreed order declaring the sale of the property was in error as a result of the bankruptcy filing, and Dome received a refund on the amount paid on the certificate of purchase and subsequent taxes from defendant Will County Treasurer. In July 2016, Dome filed a

complaint for declaratory judgment, arguing that the treasurer miscalculated the refund. The parties later filed cross-motions for summary judgment. The trial court ruled in favor of the treasurer and against Dome, finding that the treasurer properly calculated the refund. Dome appeals, and we reverse for a recalculation of the refund.

¶ 2                                    I. BACKGROUND

¶ 3        On December 6, 2012, Dome purchased 16424 S. Alberta Court in Homer Glen, Illinois, in a tax sale. The purchase included the property's unpaid 2011 taxes. On September 24, 2013, Dome paid the 2012 property taxes and on September 22, 2014, paid the 2013 property taxes.

¶ 4        On January 8, 2015, the property owners, Paul and Katherine Kirchner, filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. On July 24, the couple filed a motion for declaration of sale in error pursuant to section 21-310 of the Property Tax Code (35 ILCS 200/21-310 (West 2014)). The court entered an agreed order declaring that the sale was in error as a result of the bankruptcy filing. On September 17, 2015, defendant, Will County Treasurer, issued two checks to Dome refunding the amount paid on the certificate of purchase and the subsequent 2012 and 2013 property taxes. The first check was in the amount of $78,783.83 and the second check was in the amount of $12,111.21, totaling $90,895.04.

¶ 5        On July 29, 2016, Dome filed a complaint for declaratory judgment, arguing that the treasurer miscalculated the interest on his refund in violation of section 21-315 of the Property Tax Code (*id.* § 21-315) and that it was entitled to an additional $3000 in interest. The treasurer filed a motion for summary judgment, alleging that the interest was properly calculated under sections 21-315 and 21-320 of the Property Tax Code (*id.* §§ 21-315, 21-320). The treasurer explained that Dome purchased the 2011 property taxes on the Homer Glen property after a bid for redemption at a penalty of 1% for six months. Dome then paid the 2012 and 2013 property

2

taxes at a statutory rate of 12% for six months of each year. After the court entered the agreed order, the treasurer calculated Dome's refund as the following: the amount paid for the certificate of purchase with penalty interest at the rate of 1% per month, or 6% for six months, totaling $29,099.15; the amount paid on the 2012 taxes with interest at a rate of 1% per month from the purchase date to the date Dome was notified of the bankruptcy, totaling $31,906.16; and the amount paid on the 2013 taxes with interest at a rate of 1% per month from the purchase date to the date Dome was notified of the bankruptcy, totaling $29,889.74.

¶ 6        Dome filed a cross-motion for summary judgment, arguing that the treasurer was statutorily required to calculate all the interest under the same statutory formula and requested that the refund be recalculated. The trial court ruled in favor of the treasurer and against Dome, finding that the treasurer properly calculated Dome's refund in accordance with sections 21-315 and 21-320. Dome appealed.

¶ 7                                          II. ANALYSIS

¶ 8        Dome challenges the trial court's ruling on the cross-motions for summary judgment. A motion for summary judgment should be granted only where there is no genuine issue of material fact and the moving party is clearly entitled to judgment as a matter of law. *Pielet v. Pielet*, 2012 IL 112064, ¶ 29. Whether or not such an issue exists is to be determined by the court from the pleadings, depositions, affidavits, and exhibits in each case. *Schierer v. Sears Roebuck & Co.*, 81 Ill. App. 3d 90, 92 (1980). When parties file cross-motions for summary judgment, "they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet*, 2012 IL 112064, ¶ 28. "However, the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact, nor does it obligate a court to render summary judgment." *Id.* A trial court's decision on a motion for summary

3

judgment is reviewed *de novo*. *Gaston v. Founders Insurance Co.*, 365 Ill. App. 3d 303, 314 (2006). We find that there are no issues of material fact and review the parties' arguments to determine if either party is entitled to judgment as a matter of law.

¶ 9 Dome argues that the treasurer incorrectly applied two different formulas to calculate the interest on the amount it paid on the certificate of purchase and the amount it paid on the subsequent taxes. Dome asserts that if one formula was applied to calculate the interest on the certificate of purchase under section 21-315, the same formula should be applied to the interest on the subsequent taxes paid under section 21-320. The treasurer alleges that section 21-315 and section 21-320 provide separate statutory requirements for calculating the interest on the certificate of purchase and subsequent taxes, and therefore, he correctly applied two different formulas to calculate the interest.

¶ 10 The parties' issue raises a question of statutory interpretation. The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Benzakry v. Patel*, 2017 IL App (3d) 160162, ¶ 74. The most reliable indicator of that intent is the language of the statute itself. *Id.* In determining the plain meaning of statutory language, a court will consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. *Id.* If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory interpretation. *Id.* The issue of statutory interpretation is reviewed *de novo*. *Id.* ¶ 73.

¶ 11 Section 21-315 governs calculation of refunds on a certificate of purchase after a sale in error is declared. It states that the tax purchaser is entitled to all costs paid on the certificate of purchase that were "posted to the tax judgment, sale, redemption and forfeiture record" with interest. 35 ILCS 200/21-315(a), (b) (West 2014). The court must calculate the interest in one of

4

two ways: (1) "at the rate of 1% per month from the date of sale to the date of payment" or (2) "in an amount equivalent to the penalty interest which would be recorded on a redemption at the time of payment pursuant to the order for sale in error." *Id.* § 21-315(b). The lesser of the two calculated amounts is applied as interest to the refund. *Id.*

¶ 12    Section 21-320 addresses the calculation of refunds of additional years' taxes paid after a tax sale transferring the property. *Id.* § 21-320. It states that the amount refunded to the tax purchaser must include other taxes paid with interest "under the same terms as interest is otherwise payable under Section 21-315." *Id.* If applicable, the interest under section 21-320 must be "calculated at the rate of 1% per month from the date the other taxes were paid and not from the date of sale." *Id.*

¶ 13    Dome construes the phrase "under the same terms" in section 21-320 to mean that the taxes must be paid under the same calculation formula that was applied to the interest it was awarded on the certificate of purchase in section 21-315. Dome claims that, based on its interpretation, the statute required the treasurer to calculate all the interest using the penalty interest formula, which is the second alternative in section 21-315.

¶ 14    Dome's interpretation misconstrues the statutes. Looking at the plain language of section 21-320, the phrase "under the same terms as interest is otherwise payable under section 21-315" refers to all the provisions in section 21-315 that address the payment of interest, including the terms that describe the two alternative methods of calculating interest and the instruction that the lesser interest amount reached by the two calculations is to be awarded. The legislature did not include any language in either section indicating that the calculation applied under section 21-315 must be the same calculation applied under section 21-320. We cannot depart from the plain language of the statute and read into it exceptions, limitations, or conditions that conflict with its

5

plain language. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002). Therefore, we find that the treasurer may apply either formula—whichever awards the lesser amount—when calculating interest on the subsequent taxes under section 21-320.

¶ 15     Dome also claims that the treasurer incorrectly calculated the interest on the subsequent taxes from the purchase date to the date plaintiff was notified about the bankruptcy. Dome asserts that, under section 21-320, the treasurer must calculate the interest from the purchase date to the date of payment. The treasurer argues that Dome has waived this issue because it failed to bring the issue before the trial court; he is incorrect. In the plaintiff's motion for summary judgment, Dome states:

> "But next the Treasurer has also admitted that he is in violation of 21-315. That statute provides that the interest award whether it's the one percent formula or the penalty interest formula is to be calculated from the date of the sale to the date of payment, it says nothing about the date of being notified of the homeowner's bankruptcy which is a factor which is not contained in the statute nor is there any case law to support such a practice. So, the Defendant has admitted, in his pleading, that he has not followed the statute as he is required to do."

There is no waiver.

¶ 16     In the treasurer's motion for summary judgment, he stated that he calculated Dome's interest on the 2012 and 2013 taxes under the 1% formula from the date of purchase to the date plaintiff was notified about the bankruptcy. However, the plain language of section 21-320 states that the interest must be calculated up to the date of payment, not the date that Dome was

6

notified about the bankruptcy. Furthermore, there is no evidence that the date of payment was the same date that Dome was notified of the bankruptcy. In his "sale in error worksheet," the treasurer listed the "Date of Refund" as March 22, 2015. However, the two refund checks issued to Dome show the check issuance date as September 17, 2015. Therefore, we find that the trial court erred when it ruled in favor of the treasurer and against Dome on the cross-motions for summary judgment because the treasurer incorrectly calculated the interest on the 2012 and 2013 taxes. Accordingly, we reverse and order the treasurer to recalculate of the interest in accordance with this order.

¶ 17                                  III. CONCLUSION

¶ 18          The judgment of the circuit court of Will County is reversed with directions.

¶ 19          Reversed with directions.

No. 3-17-0767

| | |
|---|---|
| **Cite as:** | *Dome Tax Services Co. v. Weber*, 2019 IL App (3d) 170767 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 16-MR-1985; the Hon. John C. Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Mark S. Morthland, of Decatur, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Philip A. Mock, Assistant State's Attorney, of counsel), for appellee. |